## McCOY v. McCAULEY, Warden.
### No. 1479.

District Court, E. D. Washington, S. D.
July 8, 1937.

E. D. Phelan, of Seattle, Wash., for petitioner.

G. W. Hamilton, Atty. Gen., and W. A. Toner, Asst. Atty. Gen., for respondent.

WEBSTER, District Judge.

In this case there is no controversy as to the facts. On or about March 9, 1935, the petitioner was arrested and thereafter charged by information in the superior court of the state of Washington for Franklin county with grand larceny in two counts committed prior to January 2, 1934, and on June 11, 1935, was convicted by a jury of the crimes charged in the information. On June 24, 1935, the petitioner was sentenced to serve not more than 15 years in the state penitentiary. Obviously, acting under the provisions of chapter 114, page 308, Laws 1935 of the state of Washington, the court did not fix any minimum sentence. It is admitted by the Attorney General and his assistant, appearing for the respondent, that the board of prison terms and paroles had no jurisdiction or power to fix a minimum sentence for the petitioner as it attempted to do pursuant to the act of 1935. Insisting that the act of 1935 is ex post facto when applied to crimes committed prior to its effective date, the petitioner prays for a writ of habeas corpus. The case is now under submission on the return of the respondent to an order to show cause why the writ should not be granted.

Counsel for the respondent concede that chapter 114, Laws of 1935, is ex post facto when applied to crimes committed prior to the effective date of that act, but move the court that the petitioner be remanded to the superior court of Franklin county for resentence under the law in force at the time the crime in question was committed. On May 17, 1937, in the case of Lindsey et al. v. State of Washington, 57 S.Ct. 797, 799, 81 L.Ed. 1182, the Supreme Court of the United States unanimously held that chapter 114, Laws 1935 of the State of Washington, was ex post facto and therefore in violation of article 1, section 10, of the Constitution of the United States, when applied to crimes committed prior to its going into effect, and reversed the Supreme Court of the state of Washington in this respect. In the course of the opinion it is said: "Petitioners were wrongly sentenced under the act of 1935. Whether, in consequence of the invalidity of the later act, as applied to petitioners, they may be sentenced under the earlier, is a question for the state court." On June 29, 1937, in the State of Washington, v. Hanlen, 69 P.(2d) 806, 807 (not yet reported [in State report]), a case involving a crime committed prior to the taking effect of the act of 1935, the Supreme Court of the State of Washington held:

"Under the facts of this case, it is apparent that section 2, c. 114, p. 309, Laws of 1935, is ex post facto, and that the penalty provided therein cannot be imposed upon defendant. Lindsey v. State of Washington, 57 S.Ct. 797, 81 L.Ed. 1182. * * * The question now to be determined is what effect the specific repeal of Rem. Rev.Stat. § 2281, and the implied repeal of Rem.Rev.Stat. § 2605, contained in chapter

114, p. 308, Laws of 1935, have with respect to crimes of grand larceny committed prior to the effective date of the latter act. The answer is found in Rem.Rev.Stat. § 2006, which provides:

" 'No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed, or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.'

"This section has been repeatedly held to constitute a valid and sufficient saving clause as to crimes committed prior to the effective date of an act repealing former criminal statutes. State v. Fair, 35 Wash. 127, 76 P. 731, 102 Am.St.Rep. 897; State v. Ames, 47 Wash. 328, 92 P. 137; State v. Hanover, 55 Wash. 403, 104 P. 624, 107 P. 388; State v. Newcomb, 58 Wash. 414, 109 P. 355; State v. Lorenzy, 59 Wash. 308, 109 P. 1064, Ann.Cas.1912B, 153. Consequently, with respect to crimes of grand larceny committed prior to the effective date of chapter 114, p. 308, Laws of 1935, Rem.Rev.Stat. §§ 2281 and 2605, are valid and subsisting laws under which appellant is amenable for the offense to which he pleaded guilty."

The conclusion of the court was that the case be remanded to the superior court in which the appellant was convicted "with directions to enter judgment and sentence fixing the minimum and maximum of the term to be served by appellant in accordance with the provisions of Rem.Rev.Stat. §§ 2281 and 2605."

Here, therefore, we have a definite and explicit holding by the Supreme Court of the state of Washington that, notwithstanding chapter 114, Laws 1935, crimes committed prior to the effective date of that statute are subject to punishment under the laws in force at the time such crimes were committed as expressly provided by section 2006, Rem.Rev.Stat. This is the precise question which the Supreme Court of the United States in the Lindsey Case, supra, held was for the state court to determine.

Section 461, title 28 U.S.C. (28 U.S.C. A. § 461), defining the powers and duties of the United States courts and judges in respect of habeas corpus, provides: "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." In dealing with this statute the Circuit Court of Appeals for the Eighth Circuit, in the case of Bryant v. United States, 214 F. 51, 53, held that, on application by a prisoner for discharge on the ground that his sentence was illegal, it is proper for the court on so finding to direct his return to the court by which he was tried for a correction of the sentence. In this case the petitioner was remanded from one federal court to another federal court. The court also held that the resentencing of a prisoner duly convicted of a crime, who has obtained his discharge on habeas corpus on the ground that his first sentence was illegal, is not subject to the objection that the defendant is put twice in jeopardy for the same offense. The court cited with approval from Beale v. Commonwealth, 25 Pa. 11, the following language: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established."

In the case of In re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149, the Supreme Court of the United States quoted the foregoing excerpt and added: "It is true that this language was used in a case pending in the supreme court of a

state on writ of error, but if then the court would send the case back to have the error, not touching the verdict, corrected, and justice enforced, there is the same reason why such correction should be made when the prisoner is discharged on habeas corpus for alleged defects of jurisdiction in the rendition of the judgment under which he is held. The end sought by him—to be relieved from the defects in the judgment rendered to his injury—is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him."

The court then goes on to say: "The court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. Section 761 of the Revised Statutes, on this subject, provides that: 'The court or justice, or judge shall proceed in a summary way to determine the facts of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require.' It would seem that in the interest of justice, and to prevent its defeat, this court might well delay the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that the defects, for want of jurisdiction, which are the subject of complaint, in that judgment, may be corrected."

Under the foregoing authorities it is my conclusion that the return of the respondent to the show cause order is insufficient and that the petitioner is entitled to the writ of habeas corpus prayed for, but that the issuance of the writ shall be stayed for a period of thirty days from the date of entering an order in conformity with this memorandum so as to afford proper state officers a reasonable opportunity to have the petitioner returned to the superior court in which he was convicted for the imposition upon him of a corrected sentence in conformity with the decision of the Supreme Court of the State of Washington in State v. Hanlen, supra. If the petitioner is so returned and resentenced and a suitable showing to that effect is made by the respondent, the writ of habeas corpus will not issue. But, on the other hand, if the petitioner is not so returned, the writ will issue, immediately be made absolute, and the petitioner will be discharged from his imprisonment.