[No. 27964.   *En Banc.*   October 21, 1940.]

THE STATE OF WASHINGTON, *Respondent,* v. ALEX DOMANSKI, *Appellant.*[1]

*Will Lanning* and *Bill Lanning,* for appellant.

*B. Gray Warner* and *John C. Merkel,* for respondent.

MAIN, J.—Alex Domanski was charged, by information, with the crime of burglary in the second degree, to which he pleaded not guilty. The trial resulted in a verdict of conviction. Thereafter, by a supplemental information, Domanski was charged with being an habitual criminal, to which he pleaded not guilty and served a written demand for a jury trial. The demand for a jury trial was denied, and the cause was tried to the court without a jury, with the result that he was adjudged to be an habitual criminal. Prior to the time of the trial upon the supplemental information,

[1]Reported in 106 P. (2d) 591.

the accused moved for a dismissal, because he had not been brought on for trial within sixty days. This motion was denied. From the judgment and sentence, the defendant appealed.

Two questions are presented upon the appeal, first, whether the charge of being an habitual criminal should have been dismissed because the appellant was not brought on for trial within the period of sixty days. The other question is whether he was entitled to a jury trial.

■ Whether he was entitled to a dismissal depends upon whether an information charging one with being an habitual criminal charges a criminal offense.

Rem. Rev. Stat., § 2312 [P. C. § 9143], provides that, if a defendant is informed against for an "offense" and the trial has not been postponed upon his own application, he must be brought to trial within sixty days after the information is filed or the charge will be dismissed, unless good cause to the contrary is shown.

As to the first question, the appellant was not entitled to a dismissal if the information charging him with being an habitual criminal did not charge a criminal offense, within the meaning of the statute just referred to.

Rem. Rev. Stat., § 2286 [P. C. § 8721], sets forth what will constitute being an habitual criminal. The severer penalty provided by statute for one who is an habitual criminal is not imposed for an offense, except the last one (in this case, burglary in the second degree), upon which the defendant has been convicted and not yet sentenced.

The question of previous convictions is important only to determine whether, taken in conjunction with the last offense, the defendant has shown a persistence in crime which authorizes the severer penalty. The charge of being an habitual criminal does not consti-

tute a separate offense. *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27; *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721; *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561. Since one being charged with being an habitual criminal is not charged with a criminal offense, it necessarily follows that the statute requiring one charged with a criminal offense to be brought to trial within sixty days after the information is filed, has no application.

As to the matter of a jury trial, in the recent case of *State v. Furth, ante* p. 1, 104 P. (2d) 925, it was held that, where the defendant was charged, by supplemental information, with being an habitual criminal, he was entitled to a jury trial. The holding in that case establishes that it was error in the present case for the court to refuse the appellant's demand to be tried by a jury.

The judgment will be reversed and the cause remanded, with direction to the superior court to grant a new trial.

ALL CONCUR.