[No. 28301. Department Two. July 25, 1941.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEX DOMANSKI, *Appellant*.[1]

[1]Reported in 115 P. (2d) 729.

*Will Lanning* and *Bill Lanning*, for appellant.
*B. Gray Warner* and *John C. Merkel*, for respondent.

SIMPSON, J.—September 9, 1939, defendant Alex Domanski was convicted in the superior court of King county of burglary in the second degree. Prior to the time judgment and sentence were imposed, a supplemental information was filed charging him, under Rem. Rev. Stat., § 2286 [P. C. § 8721], with being an habitual criminal.

The supplemental information charged that defendant had been previously convicted in King county, March 14, 1923, of the crime of burglary in the second degree; that April 5, 1926, he had been convicted of the crime of burglary in the second degree in the district court of Salt Lake county, Utah; and that, June 8, 1931, he was convicted of the crime of burglary in the first degree in the superior court of Santa Clara county, California.

After having been tried by the court sitting without a jury, defendant was adjudged to be an habitual criminal, February 24, 1940. An appeal followed and the judgment was reversed. *State v. Domanski,* 5 Wn. (2d) 686, 106 P. (2d) 591.

Thereafter, defendant was accorded a jury trial upon the habitual criminal charge. The jury returned a verdict to the effect that he had been convicted of other crimes as charged in the supplemental information. A motion for arrest of judgment or a new trial was denied, and defendant was sentenced to life imprisonment. From that judgment he has presented this appeal.

Following the method of proof pursued by the state in *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561, 116 A. L. R. 216, 234, respondent introduced in evidence the certified copies of the judgments of conviction and the records of fingerprints kept by the officers in charge of penal institutions. The identity of appellant was established by the testimony of a fingerprint expert who stated that he had taken the fingerprints of appellant and compared them with those secured as the result of the former convictions. The expert testified that all of the fingerprints were those of appellant. From this evidence, the jury was justified in returning its verdict.

The first question presented relates to the effect

of our decision in *State v. Domanski, supra.* Appellant contends that this court in deciding that case not only reversed the judgment in the habitual criminal proceedings, but also reversed the conviction of burglary in the second degree entered February 24, 1940. He argues that the judgment appealed from in that case provided "that said defendant is guilty of the crime of burglary in the second degree (habitual criminal) and that he be punished . . .", and that, therefore, the reversal of the judgment in the habitual criminal case carried with it a reversal of the conviction of burglary in the second degree of September 9, 1939.

There is no merit in this contention. The only matter presented to us at that time was appellant's right to a trial by jury, and the right to have the habitual criminal charge dismissed because he had not been brought to trial within a period of sixty days after the filing of the charge. Questions relative to the trial for burglary were not raised by appellant and were not passed upon by this court. The only effect of that opinion was to decide that appellant was entitled to a trial by jury and that the sixty day statute did not apply.

It is next urged that the supplemental information does not state facts sufficient to constitute the charge of being an habitual criminal.

Appellant's contention is twofold: (1) That the supplemental information failed to state that he had been convicted of any crime in this state; that is, as we understand appellant, it was necessary to allege the jury's verdict of September 8, 1939; and (2) that no venue was laid or proven. Our statutes do not require the state to make such an allegation. They do not define the nature or the contents of the charge of being an habitual criminal. In such cases, a defendant is entitled to only such information that clearly shows

prior convictions. It must be borne in mind that one who is being tried on an habitual criminal charge is not being charged for an offense or crime. *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27; *State v. Johnson, supra; State v. Furth,* 5 Wn. (2d) 1, 104 P. (2d) 925; *State v. Domanski, supra.* While tried separately, the habitual criminal charge was part of the case upon which the defendant had just been convicted. There was no necessity to allege this conviction in that case.

We have not attempted to minimize the importance of charges of this nature, but are convinced that all of the requirements of our statutes were complied with. The supplemental information clearly conformed to the statutory direction relative to information concerning the fact that other crimes had been committed.

The verdict of the jury is challenged on the ground of vagueness because it failed to state the place of appellant's prior convictions. The form of the verdict consisted of affirmative answers to interrogatories as to whether appellant had been convicted upon the former occasions, and setting forth appellant's name, the crime, and the date of conviction.

If by reference to the record, particularly the information, the verdict can be explained or the absent detail can be shown, it is sufficient to sustain the judgment. 23 C. J. S. 1077-78, § 1398; *State v. Burnett,* 144 Wash. 598, 258 Pac. 484; *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888. In the case at bar, both the supplemental information and the evidence contain the places of appellant's prior convictions. Therefore, with these references in the record together with the verdict, its meaning and all the necessary parts thereof are sufficiently clear to support the judgment and sentence.

Appellant attacks the method pursued by the state in proving his former convictions and his identity. As

before stated, the state used the identical system followed in *State v. Johnson, supra.* After a full consideration of all questions involved in the *Johnson* case, we approved the method, followed in that case, of proving former convictions and the identity of the defendant, and are not disposed to depart from that holding.

Error is predicated upon the giving of certain instructions by the trial court. We are unable to consider that assignment for the reason that the instructions were not set out in appellant's brief, as commanded by Rule XVI (5), 193 Wash. 25-a. *State ex rel. Knabb v. Frater,* 198 Wash. 675, 89 P. (2d) 1046.

To remedy this defect in his brief, appellant filed, on the day the case was argued in this court, a document entitled "Appellant's Supplement Instructions No. 2, 4, & 5," in which the challenged instructions were set out in full. The method of presenting the question relative to instructions by submitting a supplemental brief or document does not meet with the provisions of the rule. The assignment of error, therefore, cannot be considered.

Finding no error in the record, we affirm the judgment.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.