[No. 28602.   Department Two.   March 20, 1942.]

*In the Matter of the Petition of* JOSEPH W. CRESS *for a Writ of Habeas Corpus.*[1]

[1]Reported in 123 P. (2d) 767.

*Harold M. Gleeson,* for petitioner.

*The Attorney General, Shirley R. Marsh,* and *Hugh A. Dressel, Assistants,* for respondent.

ROBINSON, C. J.—The petitioner, Joseph W. Cress, is confined in the state pentitentiary at Walla Walla by virtue of a judgment and sentence which reads, in part, as follows:

"IT IS CONSIDERED, ORDERED AND ADJUDGED, By the Court, that said defendant be and he hereby is adjudged to be guilty of the crime of Habitual criminal, as charged in said information, and it is the sentence of this Court that said defendant be and he hereby is sentenced to be punished by confinement at hard labor in the penitentiary of the State of Washington at Walla Walla, Washington, for his natural life."

Petitioner contends (1) that, since there is no such crime as "habitual criminal," (as this court has repeatedly held), the judgment and sentence is void; and (2) that he is, therefore, entitled to an unconditional release from custody.

The first contention must be granted. It is supported by an unbroken line of decisions, the more recent being *Blake v. Mahoney*, 9 Wn. (2d) 110, 113 P. (2d) 1028, and *In re Lombardi, ante* p. —. See, also, *State v. Domanski*, 5 Wn. (2d) 686, 106 P. (2d) 591, which throws light upon several phases of the problem presented by the instant case.

The second contention was made in *Blake v. Mahoney, supra.* In the opinion in that case, the court rejected it and made the following very explicit ruling:

"The petitioner is not entitled to be released on *habeas corpus* on account of being held under a void sentence and commitment upon the habitual criminal charge, inasmuch as he may still be sentenced upon the robbery charge by a proper judgment entered in that case, taking into consideration the habitual criminal conviction. The petitioner should be returned to the court in which he was convicted of robbery for resentence."

Subsequent events make it advisable to re-examine this ruling. Although not of record or, in a strict

sense, susceptible of judicial notice, it has come to our attention, in ways which compel us to give it credit, that Blake, the petitioner in that case, was returned to King county for sentence, and, despite the holding of this court above quoted, was discharged and went forth free. Although it seems somewhat extraordinary that a judge of that court would take it upon himself to disregard the specific holding of this court instead of following it and leaving the petitioner to his remedy by appeal or review, it was repeatedly stated by counsel for both parties during the oral argument of this cause that he did so, and it was restated in a brief filed after the hearing. The matter has been very sharply brought to our attention through other channels.

After the passage of the so-called habitual criminal act, and before this court had fully construed its somewhat novel provisions and approved a procedure thereunder, a number of men were sentenced, either as "an habitual criminal," as Blake was, or, as the petitioner in this case was, "to be guilty of the crime of Habitual criminal." In the denouement of the *Blake* case, they have quite naturally glimpsed a route to freedom, and the refusal of the King county judge to sentence Blake is cited and relied upon in briefs supporting numerous petitions filed in this court.

It is asserted in the briefs that the refusal was based upon the theory that that court had lost all jurisdiction, and in reliance upon the interpretation made by this court in the case of *State ex rel. Burgunder v. Superior Court,* 180 Wash. 311, 39 P. (2d) 983, of that portion of § 20 of Art. IV of the state constitution which reads:

"Every case submitted to a judge of a superior court for his decision shall be decided by him within ninety days from the submission thereof: . . . "

While we are compelled to believe that the King county court refused to resentence Blake, or, more accurately speaking, to sentence him, since, in law, he had not been sentenced, we would be wanting in respect if we credited the assertion that such refusal was based upon those reasons. Very likely it was based upon some defect in the trial court's record, of which we have not been apprised. It is impossible to believe that it could have been based, as asserted, on this court's decision in the case of *State ex rel. Burgunder v. Superior Court,* for that case was prosecuted for the very purpose of compelling the respondent superior court judge to sentence a convicted defendant *after* the constitutional limitation of ninety days had expired, and it was so ordered. We quote the final paragraph of the opinion:

*"The respondent not having acted within the period limited by the constitution, the writ must issue commanding him to proceed forthwith to enter judgment and sentence upon the verdict of the jury* in accordance with the laws of the state of Washington." (Italics ours.)

Furthermore, in the comparatively early case of *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362, it was held, in a *per curiam* opinion too extended for quotation here, that jurisdiction is not lost by failure to enter judgment or sentence within ninety days after submission. That decision was expressly followed in a comparatively recent case, *Bickford v. Eschbach,* 167 Wash. 357, 9 P. (2d) 376. The court, in this opinion, said:

"The superior court is a court of general jurisdiction, and a judge of that court may render a judgment at

any time except as the law may forbid him. Nothing in the constitutional provision requiring a decision within ninety days forbids a decision at any other time or lessens the jurisdiction of the judge of the superior court."

The respondent, acting superintendent of the state penitentiary, in his return to the order to show cause why a writ of *habeas corpus* should not issue, answers, alternatively, that, if the sentence and commitment under which he holds the petitioner be wholly void, then the petitioner's status is that of a convicted criminal, subject to the entry of a life sentence not yet entered upon certain jury verdicts heretofore rendered in the superior court of the state of Washington in and for the county of Spokane, and that, although he may not lawfully retain the petitioner in custody as an inmate of the penitentiary and at hard labor, his status is such that he may lawfully hold him in simple custody for at least a reasonable time for and on behalf of the law enforcement agencies of Spokane county.

Certified copies of court records, furnished to this court, at its instance and request, and by its order filed in the record of this cause, show:

(1) That, in cause No. 4779 in the superior court of Spokane county, Washington, entitled State v. Joseph Cress, the defendant pleaded guilty to a charge of murder in the second degree, and was sentenced, for a period of not less than fifteen nor more than thirty years, on April 10, 1912.

(2) That, in cause No. 15639 in the superior court of Whitman county, Washington, entitled State v. J. W. Cress, the defendant was convicted of burglary in the first degree by a jury verdict and sentenced on March 21, 1924.

(3) That, in cause No. 9986 in the superior court of Spokane county, Washington, entitled State v.

12

Joseph W. Cress, the defendant was charged, on two counts, with the crime of robbery; on three counts, with first degree assault; and on a sixth count, with first degree arson. The jury returned the following verdict in the cause on October 12, 1929:

"We, the jurors in the case of the State of Washington, Plaintiff, versus Joseph W. Cress, Defendant, find the defendant GUILTY as charged in the information in Count 1: Count 2: Count 3: Count 4: Count 5: Count 6."

*No judgment or sentence has ever been imposed on this verdict.*

(4) That, by an information filed in the superior court of Spokane county on October 29, 1929, in cause No. 10026, entitled State v. Joseph W. Cress, the petitioner herein was charged as the individual who was duly convicted of committing each and all of the crimes above listed, and a jury found that he had been so convicted. As has already been seen, he was given a life sentence in said cause No. 10026, as being "guilty of the crime of Habitual criminal."

That sentence, as we have already stated, is void. The petitioner could have been sentenced, and should have been sentenced, for life in cause No. 9986, when taken in connection with the facts found by the jury in cause No. 10026, and, for aught that now appears, he may still be lawfully so sentenced.

The petitioner contends that he is entitled to an immediate release from custody. We agree that he is entitled to be released from the *particular* custody in which he is now held. The petitioner further contends that, the matter not being here on appeal or review, the court has no right in this proceedings to order the superior court of Spokane county to sentence him in cause No. 9986; and with this we also agree. The petitioner further contends that this court cannot re-

mand him to the custody of the law enforcement officers of Spokane county, but is strictly limited to giving him a complete and final discharge from all custody. With this contention we do not agree.

In view of the temporary disposition which we feel authorized by our own statutes to make of this cause, we shall not enter into a detailed discussion of the general law on this point. It will be sufficient to say that numerous cases are cited by the petitioner to the effect that a person held under a judgment and sentence, which is wholly void, is entitled, on a *habeas corpus* proceeding, to a complete discharge. Many such decisions may be found cited in the note in 76 A. L. R. at page 495, under the subtitle: "Rule Where Sentence is Void." Decisions to the contrary may be found in the same note at page 503, under the subtitle: "Prisoner Remanded For Proper Sentence." It is said, in a general discussion of the matter in 25 Am. Jur. 249, § 153:

"Again, it is the rule in some jurisdictions that where there is a valid conviction but the sentence is void, the petitioner will not be discharged but will be remanded for a proper sentence, . . . "

See, also, 29 C. J. 175, Habeas Corpus, § 195, wherein it is said:

"Where the conviction is valid, but the judgment and sentence is unauthorized, the prisoner will be remanded to the custody of the proper officer in order that further proceedings may be had according to law, or the discharge may be delayed for a reasonable time to permit of further proceedings."

The supreme court of the United States has said, in *In re Bonner*, 151 U. S. 242, 260, 38 L. Ed. 149, 14 S. Ct. 323:

"Some of the state courts have expressed themselves strongly in favor of the adoption of this course, where

the defects complained of consist only in the judgment,—in its extent or mode, or place of punishment,—the conviction being in all respects regular. In *Beale v. Commonwealth*, 25 Penn. St. 11, 22, the Supreme Court of Pennsylvania said: 'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established.'

"It is true that this language was used in a case pending in the Supreme Court of a State on writ of error, but if then the court would send the case back to have the error, not touching the verdict, corrected and justice enforced, there is the same reason why such correction should be made when the prisoner is discharged on *habeas corpus* for alleged defects of jurisdiction in the rendition of the judgment under which he is held. The end sought by him—to be relieved from the defects in the judgment rendered to his injury—is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him."

Judge Webster followed this reasoning in *McCoy v. McCauley*, 20 F. Supp. 200, where he held that the respondent's return was insufficient and the petitioner entitled to the writ, but stayed its issuance for a period of thirty days to afford the proper state officers opportunity to have the petitioner returned to the superior court in which he was convicted for resentence.

Judge Schwellenbach, successor to Judge Webster on the Federal bench of the eastern district of Washington, in the case of *Dooly v. Mahoney*, 42 F. Supp. 890, recently held in a *habeas corpus* matter that the judgment under which the prisoner was held in the Washington state penitentiary "was void," yet entered the following order:

"IT IS HEREBY ORDERED AND DECREED that the Petitioner is entitled to the Writ of Habeas Corpus prayed for, but that the issuance of the Writ shall be stayed for a period of thirty days from the date of entering this Order so as to afford proper state officers a reasonable opportunity to have the Petitioner returned to the Superior Court for the imposition upon him of a corrected judgment and sentence in conformity with the Court's opinion herein. If the Petitioner is so returned and re-sentenced and a suitable showing to that effect is made by the Respondent, the Writ of Habeas Corpus will not issue. But, on the other hand, if the Petitioner is not so returned, the Writ will issue, immediately be made absolute, and the Petitioner will be discharged from his imprisonment." (The foregoing quotation is made from a duly certified copy furnished at our request by the clerk of the Federal court.)

At the hearing, petitioner's attorney, in discussing the matter of *McCoy v. McCauley, supra,* made the point that the Federal statutes expressly authorize the Federal courts, in a *habeas corpus* proceeding, "to dispose of the party as law and justice require," while our statute (Rem. Rev. Stat., § 1063 [P. C. § 8028]) reads as follows:

"Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."

This, it is urged, when the restraint is found to be illegal, authorizes no judgment other than one ordering the petitioner's immediate and unconditional release.

It is too well-established to need citation of authority that a court may not place a narrow, literal, and technical construction upon a part only of a statute and ignore other relevant parts. In the process of construction, the intention of the lawmakers must be extracted from a consideration of all of the provisions

of the act. Our statutes governing *habeas corpus* appear in Remington's Revised Statutes, in chapter 4 of title 7, § 1063 [P. C. § 8028], upon which petitioner relies, being the first section of chapter 4. Section 1083 [P. C. § 8047], of the same chapter, reads as follows:

"The court or judge may make any temporary orders in the cause or disposition of the party during the progress of the proceedings that justice may require. The custody of any party restrained may be changed from one person to another, by order of the court or judge."

This is a grant of essentially the same power which Congress gave to the Federal judges and Federal courts with respect to a petitioner in *habeas corpus*, to wit, "to dispose of the party as law and justice require." We could, therefore, well enter such a temporary order in the instant case as was entered by Judge Webster in *McCoy v. McCauley* and by Judge Schwellenbach in *Dooly v. Mahoney*. The appropriate order under the circumstances of this case and in view of the specific provisions of our statute is, we think, indicated by the last sentence of § 1083, accordingly:

IT IS ORDERED that promptly, and as soon as may be after the filing of this opinion and order, the superintendent of the state penitentiary shall deliver the petitioner, Joseph W. Cress, into the custody of the sheriff of Spokane county, Washington.

IT IS FURTHER ORDERED that, if the superior court of Spokane county shall sentence the petitioner to life imprisonment in cause No. 9986, when taken in connection with the findings of the jury in cause No. 10026, and the petitioner be returned to the custody of the respondent superintendent of the state penitentiary as a result of such action, then respondent may, on ten days' notice to the petitioner, move for a dismissal of this proceedings.

It Is Further Ordered that, if the court of Spokane county shall enter an order to the effect that it refuses to sentence the petitioner in cause No. 9986, the petitioner may make the sheriff of Spokane county an additional respondent herein and move for final judgment, upon a three days' notice, and to the end that a final disposition of the cause may not be unduly delayed.

It Is Further Ordered that, if on the fifteenth day of April, 1942, the petitioner remains in the custody of the sheriff of Spokane county, unsentenced, and no legal proceeding is pending to require him to be sentenced, the petitioner may in like manner make the said sheriff an additional party respondent in this proceeding, and upon a three days' notice move this court for final judgment.

It Is Further Ordered that the clerk of this court shall, under the caption of this cause, make and certify two copies of this order and mail one to the superintendent of the state penitentiary and the other to the sheriff of Spokane county.

Beals, Simpson, and Jeffers, JJ., concur.

Millard, J. (dissenting)—The demand for expedition and the futility of such expression preclude preparation of a dissenting opinion. The judgment and sentence are void or they are valid. If valid (I so contend), the writ should be denied; if void, the release of the petitioner should be ordered.