[No. 28753.   Department Two.   December 17, 1942.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH W.
CRESS, *Appellant.*[1]

*Harold M. Gleeson,* for appellant.

*C. C. Quackenbush* and *Edward J. Lehan,* for re-
spondent.

BLAKE, J.—September 24, 1929, the prosecuting
attorney of Spokane county filed an information, in
cause numbered 9986, charging appellant with felonies
upon six counts: two of robbery, three of assault in the
first degree, and one of arson in the first degree.   On
October 12, 1929, a jury found him guilty on all six
counts.   An order was entered October 26th denying
a motion for new trial.

[1] Reported in 131 P. (2d) 955.

October 29th, in cause numbered 10026, the prosecutor filed an information charging Cress with being an habitual criminal. This charge was predicated on the conviction mentioned above, a conviction of second degree murder, entered upon his plea of guilty before the superior court of Spokane county March 27, 1912, and a conviction of first degree burglary, entered in the superior court of Whitman county March 15, 1924.

Upon the charge of being an habitual criminal, appellant was convicted by a jury on December 6, 1929. He interposed a motion for new trial, which was denied December 14th. Sentence was pronounced and judgment entered in cause No. 10026 on the same date. On January 7, 1930, Cress served and filed notice of appeal, in cause numbered 10026, "from *those* certain *judgments* and *sentences* and each and every part thereof, heretofore entered in the above-entitled Court and cause on the *verdicts* of the *juries* herein." (Italics ours.) Sentence had not been pronounced nor had judgment been entered in cause No. 9986.

Failing to perfect his appeal in cause No. 10026, Cress was committed to the state penitentiary at Walla Walla under life sentence. Conceiving that he was held without due process of law, he made application to this court on November 7, 1941, for a writ of *habeas corpus*. We held that the sentence and judgment entered in cause numbered 10026 was void, saying, p. 12:

"The petitioner could have been sentenced, and should have been sentenced, for life in cause No. 9986, when taken in connection with the facts found by the jury in cause No. 10026, and, for aught that now appears, he may still be lawfully so sentenced." *In re Cress,* 13 Wn. (2d) 7, 123 P. (2d) 767.

Accordingly, an order was entered transferring Cress from the custody of the warden of the state peni-

tentiary to the sheriff of Spokane county. The purpose of the order was to give the superior court of Spokane county an opportunity to pronounce sentence and enter judgment in cause 9986.

Upon petition of the prosecuting attorney, the court called Cress before it on April 14, 1942, and imposed sentence of life imprisonment, and entered judgment accordingly in cause No. 9986. From this judgment and sentence, Cress appeals.

Appellant makes four assignments of error, three of which challenge the jurisdiction of the superior court to pronounce the sentence and enter the judgment of April 14, 1942, in cause No. 9986. We shall not discuss questions raised by these assignments, since they were fully discussed and decided adversely to appellant upon his application to this court for a writ of *habeas corpus. In re Cress, supra.*

The remaining contention is that the lapse of twelve years between verdict and sentence has rendered abortive appellant's right to appeal. The ground for this contention is that the stenographic notes taken during the trial of cause No. 9986 have been lost, and that it is, therefore, impossible to present a statement of facts. Conceding this to be true, we think the contention is without merit, in view of the notice of appeal filed by appellant in cause No. 10026 on January 7, 1930.

There can be no doubt that the notice of appeal was intended to bring cause No. 9986, as well as cause No. 10026, to this court for review. Neither can there be any doubt that, had appellant perfected his appeal on that notice, he could have obtained a review on the merits of cause 9986. It seems a fair inference from the facts that the prosecutor and the trial court acquiesced in the view that the notice of appeal in cause No. 10026 was effective to that end, else sentence would

have been pronounced and judgment entered in cause 9986 at that time. In any event, had the sufficiency of the notice of appeal been questioned as to cause No. 9986, this court could have treated the appeal as premature. In that case, the appeal would have been dismissed and appellant would *then* have been subject to sentence and judgment on the verdict of guilty in cause No. 9986.

As we view the situation, whatever disadvantage appellant may now be under in prosecuting an appeal in cause No. 9986 is directly due to his failure to perfect an appeal pursuant to the notice served and filed January 7, 1930, in cause No. 10026. The imposition of a life sentence upon appellant in cause No. 10026, instead of cause No. 9986, was, at most, a fortuitous circumstance, which he should not now be permitted to turn to his advantage.

Judgment affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and MILLARD, JJ., concur.