[No. 30241.  Department One.  August 6, 1948.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEX DOMANSKI, *Appellant*.[1]

*Will Lanning* and *Bill Lanning*, for appellant.

*Lloyd Shorett* and *Max R. Nicolai*, for respondent.

HILL, J.—On September 9, 1939, Alex Domanski was found guilty of burglary in the second degree, by a jury in a King county superior court.  Thereafter and prior to judg-

[1] Reported in 196 P. (2d) 344.

ment and sentence, a supplemental information was filed charging him with being an habitual criminal, predicated on a conviction in Washington on March 14, 1923, of burglary in the second degree; a conviction in Utah on April 5, 1926, of burglary in the second degree; and a conviction in California on June 8, 1931, of burglary in the first degree. A motion for a jury trial on the issue of whether or not he was an habitual criminal was denied, and it was tried to the court without a jury, and he was adjudged to be an habitual criminal. On February 24, 1940, he was adjudged "guilty of the crime of burglary in the second degree (habitual criminal)" and was sentenced to life imprisonment.

This conviction was reversed, solely on the ground that Domanski had been denied a jury trial on the issue of whether or not he was an habitual criminal. *State v. Domanski*, 5 Wn. (2d) 686, 106 P. (2d) 591.

The issue of whether he was an habitual criminal was then presented to a jury, which found that he had been convicted of the three other crimes as charged in the supplemental information. Thereafter, on December 14, 1940, it was adjudged that he was guilty of burglary in the second degree (habitual criminal), and he was again sentenced to life imprisonment. It should be borne in mind that he was being adjudged guilty and sentenced for the second-degree burglary of which he had been found guilty on December 9, 1939, the fact that he was an habitual criminal making it possible to increase the penalty but not constituting a separate offense.

A second appeal to this court followed, and the judgment of the trial court was affirmed. *State v. Domanski*, 9 Wn. (2d) 519, 115 P. (2d) 729. One of the contentions on that appeal was that this court, on the first appeal, had not only reversed the judgment in the habitual criminal proceeding but had also reversed the conviction of burglary in the second degree entered February 24, 1940, on the verdict of guilty returned September 9, 1939. This contention was decided adversely to Domanski on that appeal.

He endeavored unsuccessfully to raise the same question on an application for a writ of *habeas corpus*. *In re Domanski*, 24 Wn. (2d) 137, 163 P. (2d) 593.

He is again in this court, raising the same question, this time on an appeal from an order of the superior court for King county sustaining a demurrer to his petition for a writ of error *coram nobis* and dismissing the petition.

Appellant, in his petition, still insists that, when we held that he was entitled to have a jury determine the issue of whether he was an habitual criminal and concluded our opinion with the words, "The judgment will be reversed and the cause remanded, with direction to the superior court to grant a new trial" (*State v. Domanski*, 5 Wn. (2d) 686, 106 P. (2d) 591), we thereby reversed the conviction of the second-degree burglary and directed that there be a new trial on that charge. Since he was never again tried on that second-degree burglary charge, he contends that the judgment and sentence based thereon were void, and that there was no foundation or basis for the determination that he was an habitual criminal. As we have heretofore pointed out, that issue was determined adversely to him in *State v. Domanski*, 9 Wn. (2d) 519, 115 P. (2d) 729, where we said:

"The first question presented relates to the effect of our decision in *State v. Domanski, supra* [5 Wn. (2d) 686, 106 P. (2d) 591]. Appellant contends that this court in deciding that case not only reversed the judgment in the habitual criminal proceedings, but also reversed the conviction of burglary in the second degree entered February 24, 1940. He argues that the judgment appealed from in that case provided 'that said defendant is guilty of the crime of burglary in the second degree (habitual criminal) and that he be punished . . .', and that, therefore, the reversal of the judgment in the habitual criminal case carried with it a reversal of the conviction of burglary in the second degree of September 9, 1939.

"There is no merit in this contention. The only matter presented to us at that time was appellant's right to a trial by jury, and the right to have the habitual criminal charge dismissed because he had not been brought to trial within a period of sixty days after the filing of the charge. Ques-

tions relative to the trial for burglary were not raised by appellant and were not passed upon by this court. The only effect of that opinion was to decide that appellant was entitled to a trial by jury and that the sixty day statute did not apply."

It seems to us that the facts on which appellant relies were not and are not disputed and were fully understood by the court; but appellant's contention now is that the court below, in failing to again try him on the second-degree burglary charge, misapprehended the legal effect of our decision in *State v. Domanski*, 5 Wn. (2d) 686, 106 P. (2d) 591, and that this court, likewise, misapprehends the effect of its decision in that case.

It has never been necessary for this court to determine whether a writ of error *coram nobis* is available in this state, and such a decision is not now necessary. We might well say, with the supreme court of Nebraska, that the decision of such a question

". . . presents alluring opportunities for a display of learning and research not often offered in these practical times, but we must decline to enter the attractive field of its discussion for the reason that it is not necessary for the proper disposition of the case before the court. Two reasons for our refusal will be readily understood: First, the expenditure of time, space and labor upon a question not affecting the rights of the defendant; and, second, the authority of a decision under such circumstances would be subject to question as a precedent." *State v. Boyd*, 117 Neb. 320, 220 N. W. 281, 58 A. L. R. 1283.

The writ of error *coram nobis*, where available, lies for an error of fact not apparent on the record, not attributable to applicant's negligence, and which, if known to the court, would have prevented rendition of the judgment. 49 C. J. S. 563, § 312; *Wilson v. State*, 46 Wash. 416, 90 Pac. 257; *State v. Woodard*, 108 Utah 390, 160 P. (2d) 432.

We are of the opinion that the error complained of, if it be an error, is one of law and not of fact, and for that reason, under all of the authorities, there is no basis for the issuance of a writ of error *coram nobis*. 1 Freeman on Judgments (5th ed.) 515, § 256; *Collins v. State*, 66 Kan.

201, 71 Pac. 251, 97 Am. St. 361 (see extensive note at p. 362 of 97 Am. St., and particularly at p. 369), 60 L. R. A. 572; *People v. Kretchmar*, 23 Cal. App. (2d) 19, 72 P. (2d) 243.

■ If the error complained of be one of fact, it was known to appellant and to the court on December 14, 1940, when the judgment and sentence was entered by virtue of which Domanski is now incarcerated; and, for that reason, under all of the authorities, there is no basis for the issuance of a writ of error *coram nobis. State v. Boyd, supra,* and cases appearing in note at p. 1286 of 58 A. L. R.; *Johnson v. Williams*, 244 Ala. 391, 13 So. (2d) 683.

■ Finally, it must be conceded that appellant has heretofore raised the exact issue here presented, and that it has been determined adversely to him. *State v. Domanski*, 9 Wn. (2d) 519, 115 P. (2d) 729. Our determination of the issue in that case is *res judicata* of appellant's application for a writ of error *coram nobis.* His contentions were fully considered on the prior appeal, and he cannot have them passed upon again. *State v. Hensley*, 27 Wn. (2d) 938, 181 P. (2d) 828. See, also, *State v. Armstrong*, 41 Wash. 601, 84 Pac. 584, and *Johnson v. Williams, supra.*

■ Appellant urges that, when the trial court sustained the demurrer to his petition, the petition should not have been dismissed, because, under General Rule of Superior Courts 3 (2), 18 Wn. (2d) 52-a, he had three days to plead "unless a different time is fixed by special rule or order." If there was any error in summarily dismissing the petition, it has not been shown to be prejudicial, for appellant fails to suggest any amendments he could make which would obviate any of the fatal defects in the petition which were pointed out by the respondent.

The judgment of dismissal is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.