[No. 34814.   Department Two.   December 18, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. CHESTER CLYDE PETHOUD, *Appellant*.[1]

[1]Reported in 332 P. (2d) 1092.

*Arnold R. Zempel* and *Stuart C. French,* for respondent.
*Chester Clyde Pethoud, pro se.*

ROSELLINI, J.—The appellant was tried and convicted on a charge of assault in the first degree. While serving his sentence in the state penitentiary, on June 19, 1958, he petitioned the superior court wherein he was tried and convicted for a writ of error *coram nobis,* alleging that the prosecuting witness at his trial was of unsound mind and that the prosecutor knew or should have known of this fact, whereas the appellant and his attorney did not. It was the position of the appellant that had the jury known of this fact, it would not have returned a verdict of guilty.

The court denied the writ on several grounds, one of which was that the petition did not state facts which would justify the issuance of a writ of error *coram nobis,* assuming that such a writ were available in this jurisdiction. The appellant assigns error to this ruling. The ruling if correct is sufficient to sustain the denial of the petition.

As stated in *State v. Domanski,* 31 Wn. (2d) 277, 196 P. (2d) 344, the writ of error *coram nobis,* where available, lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known to the court, would have prevented rendition of the judgment. As we said in that case, this court has never been called upon to decide whether such a writ is available in this jurisdiction, no case having arisen wherein facts which would sustain the issuance of the writ were stated.

The contention of the appellant is, in substance, that the court erred in permitting an incompetent witness to testify. The circumstances on which he bases his assertion that the witness was incompetent was that, several months prior to the trial, the witness was involved in an automobile accident in which he received a blow on his head, and thereafter, when he was called into justice court to answer a

charge of negligent driving, the justice of the peace entered the following notation on his docket:

"Case dismissed until a guardian is appointed for defendant who is not in his right mind. His operator's license should be picked up."

The incident came to the attention of the appellant in the course of an extensive investigation of the witness which he conducted after he began to serve his sentence in the penitentiary.

The notation of the disposition of the case, made by the justice of the peace, of course, did not amount to an adjudication of insanity. Jurisdiction of such matters is vested in the superior court, under RCW 11.02.010. His notation did not purport to be such an adjudication, but merely his observation of the defendant's state of mind at that time. If anything more was ever done about the matter, that fact does not appear in the record and briefs before us.

In interpreting RCW 5.60.050, providing that persons of unsound mind shall not be competent to testify, this court said in *State v. Moorison*, 43 Wn. (2d) 23, 259 P. (2d) 1105:

"The generally recognized common-law rule now is that an insane person is competent to testify if at the time of his presentation as a witness he understands the nature of an oath and is capable of giving a correct account of what he has seen and heard. (Citing cases.)"

This court adopted the rule, as applicable under our statute, and further held that if a person has been adjudicated insane, a presumption arises that he is absolutely incompetent as a witness, which presumption may be rebutted by the party offering him as a witness, but that in the absence of such an adjudication, no such presumption arises. Where there has been no adjudication, the burden of showing incompetency on account of unsoundness of mind is on him who objects on that ground.

In his application for the writ, the appellant has offered no evidence that the prosecuting witness was of unsound mind at the time of the trial, and since there was no adjudi-

cation of insanity, no presumption exists to support the position of the appellant. The record of the trial is not before us, and we must assume, in the absence of any showing to the contrary, that at that time the witness appeared to be capable of understanding his oath and of giving a correct account of what he had seen and heard. The fact that the trial judge, the appellant, and his attorney never suspected the witness of being incompetent substantiates this assumption. If this was the case, the fact that he had been "not in his right mind" at one time would not affect his competence to testify.

The appellant also admits that there was, in addition to the evidence of the prosecuting witness, circumstantial evidence connecting him with the crime.

Assuming, *arguendo*, that the writ of error *coram nobis* is available in this state, and assuming that a showing that a defendant was convicted on the evidence of an incompetent witness, with no corroborating evidence, would present an "error of fact" of the type which, if known to the court, would have prevented the rendition of the judgment; the appellant has nevertheless failed to state a case for the issuance of such a writ. He has not shown that the prosecuting witness was incompetent at the time of the trial, nor that his conviction was dependent on the testimony of that witness.

The order denying the petition is therefore affirmed.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.