[No. 38988.    Department Two.    July 13, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. CLAY BURGESS, *Appellant.**

*Edward B. Critchlow*, for appellant (appointed counsel for appeal).

*C. J. Rabideau* and *Laurence S. Moore*, for respondent.

NEILL, J.—Defendant Clay Burgess was convicted of rape and second degree assault. On this appeal from such con-

*Reported in 430 P.2d 185.

viction, he alleges and argues as error (1) the trial court's failure to suppress a statement signed by defendant without benefit of counsel, and (2) the trial court's permitting such statement to be identified by the defendant and portions thereof read by the prosecuting attorney. Defendant's counsel on this appeal is appointed counsel and is not the counsel who represented him at the trial.

The facts which the jury had a right to believe are ample and sufficient to sustain the verdict for the assault and forcible rape charges. To meet the assignments of error, it need only be pointed out that the incidents herein involved occurred in and near East Pasco during the early morning hours of September 18, 1965. At approximately 8:30 that same morning, the defendant was taken into custody for questioning. He was questioned concerning the events of the preceding evening by an officer of the Pasco Police Department. Some 2 hours after being taken into custody, the defendant signed the statement which is involved in the assignments of error. The challenged statement is not a confession, but rather is quite exculpatory in nature in that defendant therein attempts to explain the circumstances of his having taken the complaining witness to her home earlier that morning.

Prior to trial, defendant made timely motion to suppress this statement, as well as certain other materials which might have been used as evidence at the trial. After hearing held in accordance with Rule of Pleading, Practice and Procedure 101.20W, RCW vol. 0, the motion was denied.

The prosecution did not use the exculpatory statement during its case in chief. During presentation of the defense, the defendant took the stand and, during the course of his testimony, defendant's counsel questioned him concerning the existence of the statement and as to some of the contents thereof. On cross-examination, the state examined the defendant as to inconsistencies between his testimony and facts related in the prior statement. The statement was not introduced into evidence.

■ The record before us of the hearing on the pretrial motion to suppress establishes that there was substantial

evidence that the statement signed by the defendant was voluntarily made by the defendant after he had been advised of his constitutional rights. Where, as here, it is clear that the trial court weighed the conflicting evidence before it and where there is substantial supporting evidence, this court will not disturb the trial court's determination of the voluntariness of the statement. *State v. Nesrallah*, 66 Wn.2d 248, 401 P.2d 968 (1965). *Accord, State v. Gilcrease*, 63 Wn.2d 731, 388 P.2d 962 (1964). We have examined the record in accordance with our duty as set forth in *State v. Hoffman*, 64 Wn.2d 445, 392 P.2d 237 (1964), and find ample evidence to support the finding of the trial court.

■ The defendant took the stand in his own defense and interjected into the trial the fact of the existence of the statement which he had signed on the morning of September 18th at the Pasco police station as well as some of the contents thereof. When a defendant in a criminal proceedings refers to a prior written statement on his direct examination, which statement has been found to be voluntary, he thereby waives any right to object to the use of the statement by the prosecution during cross-examination. See *State v. Ingle*, 64 Wn.2d 491, 392 P.2d 442 (1964). See also, *State v. Gottstein*, 111 Wash. 600, 191 Pac. 766 (1920).

The judgment is affirmed.

FINLEY, C. J., HUNTER and HAMILTON, JJ., and JAMES, J. Pro Tem., concur.