[No. 40121.    Department One.    December 5, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON M. ALLEN *et al.*, *Appellants*.*

*Allan L. Overland,* for appellant Allen (appointed counsel for appeal).

*Muscek, Adams, Swayze & Baker,* by *Thomas M. Baker, Jr.,* for appellant Metsger (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

PER CURIAM.—This is another criminal appeal in an age of free appellate review for all indigents. We find it largely frivolous. Both appellants have filed one or more briefs, each containing a myriad of assignments of error, almost entirely devoid of merit.

Respective attorneys, at the request of this court, have filed briefs and have, in the highest tradition of the profession, argued those assignments of error which they believed

*Reported in 448 P.2d 332.

their clients would want to have presented and which, in their judgment, contained some arguable merit. Each counsel has, however, filed a motion to withdraw as counsel in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 Sup. Ct. 1396 (1967); *rehearing denied,* 388 U.S. 924, 18 L. Ed. 2d 1377, 87 Sup. Ct. 2094 (1967).

Since four assignments of error appear worthy of comment, a short factual recitation becomes necessary.

Appellant Richard L. Jones, also known as Rudolph Metsger, had been convicted of two crimes which were felonies under the laws of the state of Washington, to wit: (1) First degree murder in Del Norte County, California, on April 2, 1952, and (2) robbery in Pierce County, Washington, on November 17, 1965.

Appellant Gordon M. Allen had been convicted in the state of Washington of second degree burglary on December 11, 1962, and robbery on April 8, 1966.

Appellants were jointly charged in the Superior Court for Pierce County with the felony crime of escape, committed on January 19, 1966. At the arraignment both pleaded "not guilty" of the charge. On June 29, 1966, they asked and were permitted, in the presence of counsel, to change their pleas to "guilty", at which time the prosecutor agreed to dismiss, and subsequently did dismiss, all other criminal charges *then pending* against each appellant, attempted escape and two counts of assault. Actual sentence was postponed at that time. Within a few days thereafter the prosecutor filed a supplemental information charging the appellants with the status of habitual criminals. On December 11, 1967, at the commencement of trial on the supplemental information, appellants asked to withdraw their guilty pleas to the escape charge on the grounds that they had "understood" that no further charges would be filed in the event they changed their pleas to the charge. They do not now contend, however, that the prosecutor specifically promised not to file the habitual criminal proceedings.

■ Appellants assign error to the failure of the trial court to permit a change of plea to the charge of escape.

The trial judge heard the evidence and found that there had been no conduct or promises on the part of the prosecutor which had prejudiced the rights of the appellants, and that they had in fact waived their right to withdraw their guilty pleas. We have reviewed the record, as is our duty, and find ample and convincing evidence to support the trial court's finding. *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964); *State v. Burgess,* 71 Wn.2d 617, 430 P.2d 185 (1967). We further find that this issue was decided adversely as to the appellant Allen. In denying his petition for a writ of habeas corpus, No. 39814, on December 29, 1967, this court held:

> The Petitioner's plea of "guilty" would not appear to have been coerced or the result of duress, he at all times having had an attorney; his plea of "guilty" having been made in open Court; he having had an opportunity, in open Court, to withdraw said plea and not having done so; and he having received the benefits of such plea, agreements having been acknowledged in open Court, by the dismissal of 3 *other* felony charges.

Such reasoning also applies to appellant Jones. Consequently, we find this assignment of error without merit.

The second assignment of error worthy of mention is that the evidence at the trial was insufficient as a matter of law to establish the appellants as the same persons who had pleaded guilty to escape and had the prior records of which each was accused.

That the appellants were the same persons who had pleaded guilty to escape was established by the direct testimony of the judge who received and entered their "guilty" pleas on June 29, 1966. That each had been previously convicted as charged was established by a comparison of fingerprints made either at the time of their earlier arrests and convictions or at the penal institutions to which they had been confined, with those made in Pierce County. Our search of the record discloses ample and convincing evidence, independent of the record of prior convictions, to warrant submission of the issue to the jury. It is sufficient, in our opinion, to support the jury's verdict.

A third assignment of error is that the trial court failed to give appellants' requested instruction reading as follows:

You are instructed that a defendant charged with being an habitual criminal should have been given an opportunity to reform after each conviction for each offense relied upon to place him in that status.

■ The source of appellants' contention appears to be *State v. Jones,* 138 Wash. 110, 244 Pac. 395 (1926), wherein a defendant, with *no* prior record, pleaded guilty in the morning of one day to three counts of petit larceny and in the afternoon of the *same* day was charged as being an habitual criminal. *See also State v. Miles,* 34 Wn.2d 55, 207 P.2d 1209 (1949).

There can be little comfort in these cases to the appellants herein. They had adequate time and opportunity to reform between the first and second convictions. They showed little effort to reform after the second conviction when they escaped jail and committed the felony of escape, and even less when they attempted to escape a second time, which was one of the charges dismissed by the prosecution after their pleas of guilty to the first escape charge.

The fourth assignment of error which we mention is that the appellants were not afforded a trial within 60 days as required by statute.

■ The complete answer to this assignment is contained in *State v. Persinger,* 62 Wn.2d 362, 364, 382 P.2d 497 (1963), in which this court stated:

One accused of being an habitual criminal is not charged with a criminal offense. *State v. Tatum,* 61 Wn. (2d) 576, 379 P. (2d) 372 (1963). The action is not filed until after he has been convicted of a substantive crime for which he is awaiting sentence. RCW 10.46.010 was designed to protect persons charged with crimes. Thus, it has no application here. *State v. Domanski, supra* [5 Wn.2d 686, 106 P.2d 591 (1940)]. For the same reason, the right to a speedy trial guaranteed by the tenth amendment of the Washington State Constitution does not apply. (Footnotes omitted.)

In any event, considering the documentary nature of the proof in an habitual criminal proceeding, the appellants

could not, on the facts in this matter, have been prejudiced by the passage of time. There is no showing whatsoever that their ability to defend themselves was in any way impaired by the delay.

This issue was also decided by this court against the appellants when it denied appellants' petitions for writs of habeas corpus numbers 39814 and 39938 on December 29, 1967.

Our search of the record discloses no error. Judgment of conviction is affirmed as to both appellants.

---

January 24, 1969. Petition for rehearing denied.