[No. 25471.   Department One.   January 5, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Robert M. Burgunder, as Prosecuting Attorney for King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, ROGER J. MEAKIM, JUDGE, *Respondent.*[1]

*Robert M. Burgunder* and *Frank Harrington,* for relator.

*Evans & McLaren* and *Tracy Griffin,* for respondent.

TOLMAN, J.—Relator, by his application for a writ of mandamus, sets forth that, as prosecuting attorney for King county, he duly filed an information charging one Vincent Royson with the crime of grand larceny committed in King county, Washington, on the 9th day of June, 1934; that the usual course was followed, resulting in a plea of not guilty and a trial to a jury of the issue thus raised.   On July 24, a verdict was re-

[1]Reported in 39 P. (2d) 983.

turned finding the accused guilty as charged. A motion for a new trial was made but afterwards withdrawn. No motion in arrest of judgment was made or filed.

On July 24, 1934, Royson was brought into court for the imposition of sentence, and the respondent, as judge, continued the matter for one week. Thereafter, various continuances were ordered by the respondent of his own motion, and on October 10, 1934, on his own motion, over the objection of the prosecutor and without any request therefor, the matter .was again continued to December 10, 1934, and the defendant was released upon his own recognizance with the understanding that he would endeavor to find employment and would report to the court each week. It is further charged that the respondent then stated that he would not sentence the defendant so long as he complied with the understanding referred to, conducted himself properly, remained at work, and made weekly reports.

On December 10, the matter again came before the respondent pursuant to the prior order, and again the prosecutor moved for the imposition of sentence in accordance with the law, but notwithstanding such motion, the respondent again deferred sentence and continued the matter to February 9, 1935, announcing that, so long as the defendant complied with the court's requirements, the court would continue to defer sentence.

Respondent in his return admits the facts shown by the record as to the various continuances; and alleges affirmatively that he has reason to believe that Royson committed the crime of which he was convicted as the result of want and hunger, and that he is a victim of circumstances and not a professional criminal. It is further alleged that, upon the release of Royson on his personal recognizance, he immediately entered upon

employment which had been procured for him; that his conduct had been exemplary ever since; that he has reported to the court weekly, and the court is satisfied with his conduct in all respects. Respondent further sets forth:

"That your respondent has not yet completed his investigation and observation of this defendant, and is not now certain of the exact term for which this defendant should be sentenced; and is not certain that said defendant is ineligible to a suspended sentence on the state of the record.

"That in deferring the imposition of said sentence, your respondent has not been actuated by the desire to evade or defeat the spirit of the law as charged in the relator's application; on the contrary your respondent believes that before he fixes and determines the amount of sentence to be imposed, it is his judicial duty to ascertain by investigation and observation of said defendant and his conduct, the necessary facts and other information which will enable him to pass such an appropriate sentence as will satisfy the law and meet the ends of justice in that particular case."

The intent to continue to defer sentence and the announcing of such an intent are both denied.

Accepting the return in all respects as true, and much as we may sympathize with the altruistic purposes of the respondent as disclosed by his return, we yet must hold it to be the duty of the judiciary to confine such purposes within the terms of the positive law.

The statute, Rem. Rev. Stat., § 2190 [P. C. § 9306], reads:

"After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment."

This statute was considered by this court and held to be mandatory in the case of *State ex rel. Lundin v.*

*Superior Court,* 102 Wash. 600, 174 Pac. 473, where, after quoting the statute, it is said:

"But, aside from these statutory provisions which negative the view that our superior courts have the power to suspend sentence indefinitely after conviction by the verdict of a jury or by a plea of guilty, we think the law is, in the absence of statute, that courts do not have the inherent authority to suspend sentence indefinitely, nor did they ever possess any such power at common law."

Hence, it appears that, after verdict of guilty, it is the imperative duty of the judge to pronounce judgment. True, in many cases, there is an element of discretion as to what the punishment shall be; and where the statute fixes only a minimum, or a minimum and a maximum, the trial court must exercise his discretion in fixing the term. If sufficient information has not been acquired prior to that time, he may, without doubt, take a reasonable time for investigation in order that he may fix the punishment with due regard to maintaining the dignity of the law, the protection of society, the reformation of the offender, and all like matters proper to be weighed and considered in determining the penalty. What would be a reasonable time for such an investigation in one case might be unreasonable in another, but in no case, as we understand the mandate of our constitution, is more than ninety days allowable for such a purpose.

Section 20 of Article 4 of the state constitution reads:

"Every case submitted to a judge of a superior court for his decision shall be decided by him within ninety days from the submission thereof: Provided, that if within said period of ninety days a rehearing shall have been ordered, then the period within which he is to decide shall commence at the time the cause is submitted upon such a rehearing."

■   It is apparent that, when a verdict of guilty has been returned, a motion for a new trial has been waived or denied, and the defendant is by the prosecutor presented for sentence, the case is thus submitted to the judge for decision, and the utmost limit of time allowed him for consideration and arriving at that decision is, under our constitution, ninety days.

The respondent not having acted within the period limited by the constitution, the writ must issue commanding him to proceed forthwith to enter judgment and sentence upon the verdict of the jury in accordance with the laws of the state of Washington.

The writ will issue accordingly.

MILLARD, GERAGHTY, BLAKE, and MAIN, JJ., concur.