Strafford,
Mar. 3, 1953. } No. 4185.

IN RE DONALD J. MILLER.

*Louis C. Wyman*, Attorney General, *Arthur E. Bean, Jr.*, Law Assistant and *John M. Brant*, County Solicitor (*Mr. Bean* orally), for the State.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant.

KENISON, C. J.   Laws 1949, c. 314, s. 4, provides that the board appointed by the Superior Court shall ". . . examine forthwith the alleged sexual psychopath or the one accused of one or more of the sex offenses stated in paragraph I (1) of section 3 . . . to ascertain whether the person is a sexual psychopath." This is statutory recognition of the fact that the determination of sex deviation is based primarily on medical evidence (*Ex parte Kader*, 334 Mich. 339), although the statute makes the final determination a judicial one. Section 5 V; *In re Mundy*, 97 N. H. 239. Physical and mental examinations conducted pursuant to statutory authority or judicial order have been sustained as not violating the privilege against self-incrimination in civil litigation and similar special cases involving disease, mental illness and sexual psychopaths. *Krook* v. *Blomberg*, 95 N. H. 170; *In re Mundy, supra;* anno. 25 A. L. R. (2d) 1407, 1416, 1417; VIII Wig. Ev. (3rd *ed.*) s. 2220. See A. L. I. Model Code of Evidence, Rule 205 (a). So far as we are aware there is no majority Supreme Court decision in any jurisdiction which considers a physical and mental examination under statutes regulating sexual psychopaths or the mentally ill as being in conflict with the constitutional provision against self-incrimination. *In re Moulton*, 96 N. H. 370; *State ex rel Sweezer* v. *Green*, 360 Mo. 1249. VII Wig. Ev. (3rd *ed.*) s. 2090, note 4 (Supp.) ; anno. 24 A. L. R. (2d) 350, 362.

Due process of law is not to be circumvented by the use of the term civil as applied to proceedings which may have the same

effect as criminal proceedings, but it is established that physical and mental examinations on the criminal docket do not offend due process or result in compulsory self-incrimination. *State* v. *Sturtevant,* 96 N. H. 99; *Rochin* v. *California,* 342 U. S. 165. The most recent changes in laws relating to sex offenses have shifted the commitment process from the civil to the criminal docket but examinations are an integral part of both types of laws. See Pa. Stat. Anno. Tit. 19, *s.* 1167 (1952); N. Y. Laws 1950, *c.* 525; Recent Legislation, 100 U. of Pa. L. Rev. 727 (1952); Guttmacher & Weihofen, Sex Offenses, 43 J. Crim. L. & Crimin. 153, 170 (1952); Note, 60 Yale L. J. 346 (1951). The statutory provision for examination (Laws 1949, *c.* 314, *s.* 4) is constitutional and the order issued thereunder is valid.

The defendant urges that even though the examination may be constitutional the order in this case had the effect of "ordering this young man to testify before the examining board with reference to matters which might be incriminating." It is further argued that if the defendant fails to testify before the examining board he can be cited for contempt. The administrative construction placed on the act by the State is described as follows: "In some states the act itself provides for contempt proceedings in the event that a person ordered to appear before the examining board refuses to answer questions, and further these acts state that the report of the examiners may be used in any other proceedings. See Ind. Acts 1949, *c.* 124, *s.* 4. The New Hampshire law has no such provision to enforce compulsory self-incrimination by contempt proceedings and a person subject to this examination may refuse to answer any questions which he thinks may incriminate him."

In the absence of any provisions for contempt under the sexual psychopath act we accept this administrative construction of the act as a correct one. As was said in an analogous case, "The defendant was not required by law nor by any mode of compulsion to talk with the examiner, nor to answer his questions." *Commonwealth* v. *DiStasio,* 294 Mass. 273, 284. It is therefore unnecessary for us to decide whether a statutory provision for contempt would be sustained as constitutional in this state. See *People* v. *Redlich,* 402 Ill. 270.

*Exceptions overruled.*

All concurred.