Merrimack,
No. 4320.

In re Earl L. Craft.

Argued November 3, 1954.

Decided December 15, 1954.

*Louis C. Wyman,* Attorney General, *Elmer T. Bourque,* Law Assistant and *Atlee F. Zellers,* county solicitor (*Mr. Bourque* orally), for the State.

*Willoughby A. Colby* (by brief and orally), for the defendant.

GOODNOW, J. The sexual psychopath act, Laws ·1949, c. 314, does not provide and was not intended to provide that a person concerning whom a petition has been filed under section 3 shall be notified of the petition or be heard thereon before the Court's entry of an order appointing an examining board to ascertain whether he is a sexual psychopath (*s.* 4).

The sole authority to file a petition requesting the Court to conduct an inquiry as to whether a person is a sexual psychopath is vested by statute in the county solicitor (*s.* 3). Under some circumstances, he is required to do so (*s.* 3 I); under others he may be directed by the Court to do so (*s.* 3 II (2) ) or may exercise his discretion as to whether a petition should be filed (*ss.* 3 II(1), (3) ). Sections 4 and 5 do not distinguish between mandatory, directed and discretionary petitions but provide that the "court with which the petition . . . was filed shall appoint an examining board . . . to examine forthwith" the person named in the petition (*s.* 4) and that a hearing on the question of the defendant's mental condition shall be held if a majority of the board so appointed find that he is a sexual psychopath (*s.* 5 I). No provision is made for notice or hearing before the appointment of the board.

The act deals with the care, control and treatment of sexual psychopaths on the basis that they are mentally ill. The final determination of whether a person is so afflicted "is based primarily on medical evidence." *In re Miller,* 98 N. H. 107, 108. Because of its recognition of the importance of such expert opinion, the Legislature provided in sections 4 and 5 that when either a mandatory, directed or discretionary petition is filed by the solicitor, no hearing thereon shall be held unless supported by the majority opinion of a medical board which "shall" be appointed by the Court to examine the defendant "forthwith." *S.* 4. This language of section 4 was intended to provide a summary procedure through which the necessary medical opinion could be obtained, not alone to aid the Court in the event of a hearing on the defendant's mental condition (*In re Mundy,* 97 N. H. 239, 241; *In re Miller, supra,* 108), but also to indicate as a preliminary

matter whether sufficient cause exists to reasonably require a hearing to determine that condition.

Such a procedure which requires the defendant to submit to an examination by a board of medical experts without notice or a right to be heard does not violate due process. See *State* v. *Allen*, (Mo. App.), 255 S. W. (2d) 144, 149. The act seeks not only to protect society but also to benefit those who are sexual psychopaths. *In re Moulton*, 96 N. H. 370, 373. Its provisions are analogous to proceedings concerned with insane or mentally ill persons (*In re Miller, supra*, 108) in which the importance and necessity of a summary order for medical examination is recognized to the extent that no prior notice or hearing is there required. R. L., c. 17, ss. 11, 17, 18. An individual's right of personal liberty is subject to such restriction as is reasonably necessary for the common welfare of society. *Keleher* v. *Putnam*, 60 N. H. 30, 31. The examination required by s. 4 may result in a discontinuance of further proceedings under the petition or in a hearing and judicial determination of the defendant's mental condition. The necessity for the summary nature of the order providing for it lies in the absence of any basis for judicial action until a medical opinion is available. Such interference with the defendant's rights as occurs by reason of this procedure is reasonably required.

The solicitor's discretionary authority to file a petition requesting the Court to conduct an inquiry as to whether a person is a sexual psychopath exists "whenever facts are presented to [him] which satisfy him that good cause exists" for such an inquiry. S. 3 II(1). Whenever a person is arrested and charged with lewdness (R. L., c. 449, s. 3) or indecent exposure (R. L., c. 440, s. 6), that fact alone is not a sufficient basis for the filing of such a petition but if facts concerning a person so arrested and charged are presented to the solicitor which constitute good cause, in his opinion, for judicial inquiry, he may elect to exercise the discretionary power granted to him. S. 3 II(3).

The facts of this case upon which the solicitor exercised his discretionary authority are stated in the petition as follows: the defendant was arrested and charged with indecent exposure on May 14, 1953; in February, 1947, he admitted upon police interrogation that he had indecently exposed himself to a girl about eight years of age on January 16, 1947; on February 7, 1947, he pleaded guilty to a charge of being a disorderly person (R. L., c. 440, s. 22) "such charge involving indecent exposure on February

4, 1947" to a girl seventeen years of age; on February 13, 1950, he was arrested on the same charge "involving lascivious behavior at the Concord Theatre toward a girl" about ten years of age, the disposition of the case not being recited in the petition.

While it has been recognized by this court that the act "could be the subject of abuse" in its unwise application to minor sex offenses (*In re Moulton*, 96 N. H. 370, 375), no such abuse appears in this case. The facts relied on by the solicitor in exercising his discretion were not alone the defendant's arrest on May 14, 1953, on a charge of indecent exposure but also other episodes indicating a consistent pattern of sex deviations. These facts, if true, are sufficient indication that the defendant may be "irresponsible with respect to sexual matters and thereby dangerous" (s. 2 I) to support the solicitor's opinion that good cause exists for an inquiry as to the defendant's mental condition.

By the terms of section 3 II (3), whenever a person is arrested and charged with indecent exposure or lewdness, the solicitor is authorized to "exercise the powers conferred upon him under paragraph II (1)." Under those powers, if the facts satisfy him that good cause exists for judicial inquiry, he may prepare and file a petition meeting the requirements of paragraph II (1). That paragraph requires that such a petition shall set forth the facts upon which the solicitor relies and "shall be executed and verified by a person having knowledge of" those facts. That part of section 3 II (3) which provides that if the solicitor elects to exercise his powers under paragraph II (1) "the provisions of this act shall apply in like manner as if the petition had been required under paragraph I of this section" has reference to those provisions of paragraph I dealing with offenders under eighteen years of age and postponement of the trial on criminal charges pending the outcome of proceedings under sections 4 and 5. It was not intended to authorize the filing of an unverified petition such as is permitted by paragraph I.

The petition in this case did not comply with the requirements of section 3 II (1). In its original form, it "represents" the facts stated elsewhere in this opinion, is signed by the solicitor without verification and has attached to it an unverified statement by the deputy chief of police that he joins in the petition "on the basis of the investigation conducted by our Department and review of the respondent's police record." On June 17, 1953, with permission of the Court, an "amended verification" was filed in which

the deputy chief stated under oath "that he was in charge of the investigations of the various offenses set forth" in the petition and that "the facts set forth" in it "are to the best of his knowledge and belief true." This verification did not meet the statutory requirement of "knowledge of the facts" because neither the petition nor the verification indicates what facts alleged are based upon knowledge and what upon belief.

This requirement applies only to discretionary petitions and was designed to provide facts of personal knowledge as a reasonable basis for the exercise of the solicitor's discretion. He is not authorized to file such a petition upon opinions, conclusions or beliefs but only upon *facts* presented to him. This does not mean that his discretion may be exercised only if supported by statements of persons having knowledge of specific acts of sex deviation acquired through personal presence and observation or hearing when they took place. Personal knowledge of complaints, admissions or other information concerning such acts after they have occurred, especially when obtained in the course of a responsible investigation, may provide sufficiently reliable facts upon which to base his opinion that good cause exists for an inquiry. Unless the facts recited in the petition are limited to those within the affiant's personal knowledge they cannot be properly evaluated either by the solicitor in exercising his discretion or by the Court in determining the reasonableness with which that discretion has been exercised.

Such a requirement does not cripple the practical enforcement of the act. In the case now before us the solicitor's opinion was based upon the fact that the defendant was arrested and charged with indecent exposure on May 14, 1953 (not that he *did* indecently expose himself); on the fact that in February, 1947, he admitted to police that he had indecently exposed himself (not that he *did* so expose himself); on the fact that on February 7, 1947, he pleaded guilty to a charge "involving indecent exposure on February 4, 1947" (not that he *did* indecently expose himself on that date); on the fact that on February 13, 1950, he was arrested on a charge "involving lascivious behavior" (not that he *did* so behave). All of these facts are capable of verification by one having personal knowledge of them.

The nature of these cases is such that persons having personal knowledge of the commission of actual offenses tending to show cause for examination may be unavailable or incapable of under-

standing the significance or obligation of an oath. It does not follow that related facts, like those alleged in this case, cannot be sufficient to constitute good cause for inquiry. Facts capable of verification by available persons of suitable capacity may be sufficient to show good cause for an inquiry when presented by properly verified petition, even though by themselves they might not warrant an order for commitment upon subsequent hearing as required by the statute.

The defendant's motion to dismiss should have been granted without prejudice to the right of the county solicitor to bring such further proceedings as the circumstances may require.

*Exception sustained.*

All concurred.