**People of the State of Illinois, Plaintiff-Appellee, v. Edward J. McDonald, Defendant-Appellant.**

**Gen. No. 49,607.**

First District, Second Division.

September 29, 1964.

Rehearing denied October 27, 1964.

Thomas J. Maloney, of Chicago (Richard H. Devine, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order entered in the Criminal Court of Cook County on February 17, 1964, revoking probation granted the appellant after he had been found guilty of the crime of aggravated battery.

The appellant, Edward McDonald, was found guilty in a trial without jury of the crime of aggravated battery on February 11, 1964, the offense taking place on May 10, 1963, when the appellant stabbed a man five times. The testimony at the trial is in conflict as to whether there was any provocation on the part of the victim, but the court found that the testimony taken even in the light most favorable to the appellant did not show provocation sufficient to warrant his using a knife in his defense. The appellant's claim of self-defense was, therefore, rejected by the court.

The report of the Behavior Clinic describes the appellant as having a "paranoid stance" and continued by stating that he "is probably capable of unprovoked homicidal acting out without forewarning." The re-

port states that a psychologist who examined the appellant considered him a "dangerous individual capable of homicidal aggression and indicated that the patient is a schizophrenic who at present has very superficial controls," although "he knows the nature of the charge and is able to cooperate with counsel."

On February 11, two weeks after the court announced its finding, there was a hearing at which the appellant was placed on probation for five years with the condition:

> "That the defendant shall make no further threatening phone calls and upon his release, present himself at the Fairview Hospital, 2828 Prairie Avenue for psychiatric therapy; subject to remain in hospital until hospital submit a report to Judge Barrett before release."

On February 14, three days later, the appellant entered Fairview Hospital, but did not remain there, leaving the same day. There is some confusion as to what occurred when the appellant went to the hospital, but there is no doubt that he did not submit to psychiatric therapy there. On February 17, six days after probation was granted, a hearing was held at which the court revoked the probation and sentenced the appellant from two to five years in the Illinois State Penitentiary.

The appellant was represented by counsel of his own choosing at the trial and at both post-trial hearings.

The appeal states two main points: first, that it was not proper for the court to commit the appellant to a hospital, and second, that the court abused its discretion in revoking the probation. We feel the appellant to be wrong in both his contentions.

The Code of Criminal Procedure of 1963, Chapter 38, Paragraph 117–2(b), states in relevant part:

"A person admitted to probation may be subject to the following conditions: (5) Perform or refrain from performing such other acts as may be ordered by the court."

The appellant claims that this does not give the court below the power to put as a condition to probation that he enter a mental hospital for treatment.

■■ It is clear that the probation provision lessens the penalty in the discretion of the court, to the benefit of the convicted. We see no reason to impose a strict construction on this provision. Superior Laundry & Linen Supply Co. v. Edmanson-Bock Caterers, Inc., 11 Ill App2d 132, 136 NE2d 610 (1956). The appellant claims the condition to the probation providing that he enter a hospital for psychiatric treatment is an illegal form of imprisonment. The record shows, however, that the above condition was suggested to the court by the appellant's counsel and the appellant expressly agreed to this condition. Paragraph 117–2(b)(5) allows the court discretion in granting probation. This was the case law interpreting the section in force before the new Code was adopted. People v. Molz, 415 Ill 183, 113 NE2d 314 (1953). It is clear from the use of the word "may" in the corresponding section of the new code. "A person *may* be admitted to probation . . ." Paragraph 117–1(a). We feel the legislature intended no change in the prior law concerning this particular point.

■■ The court was acting within the scope of proper discretion here. The report of the Behavior Clinic said the appellant was suffering from severe mental illness. The court's primary purpose in permitting him to be committed to the Fairview Hospital rather than sent to the penitentiary was to allow the appellant to be rehabilitated. There is adequate evi-

dence from the report that he needed this care. If there was any abuse of discretion in the court below, it was in favor of the appellant, and he is, therefore, in no position to complain of it here.

■ The court did not abuse its discretion in revoking the probation. At the hearing at which the appellant applied for probation a letter was presented to the court. It read as follows:

"This is to certify that Edward McDonald when released from custody of his mother will be *immediately* hospitalized at the Fairview Hospital, will be under the supervision of Doctor Maurice L. Stern and will receive adequate supervision and psychiatric therapy during his stay at Fairview Hospital." (Emphasis supplied.)

The letter is signed by Doctor Stern and the administrator of the hospital. At that same hearing the court told the appellant, "You will go into the Fairview Hospital *immediately*." (Emphasis supplied.) The appellant replied, "Yes, sir." It is clear, therefore, that no delay in the appellant's entering the hospital was contemplated.

The appellant did not go to the hospital immediately, but waited three days before reporting and then did not stay there. We hold this to be a violation of the conditions of the probation.

■ All judgments and decrees are to be construed in a reasonable manner. Vollenhover v. Vollenhover, 4 Ill App2d 44, 46, 123 NE2d 114 (1955), 49 CJS Judgments p 865 n 38. The fact that the court below did not specifically state that the appellant was to enter the hospital "immediately" can not permit him to avoid the clear meaning of the order. The letter requesting probation and the conversation between the court and the defendant quoted above shows the intent

of the order was understood by all parties. The appellant can not come here to say he did not know he was to enter the hospital "immediately" for the record shows the facts are quite to the contrary.

At the hearing at which the probation was revoked, the appellant never claimed he did not understand the order. In fact his attorney admitted that the court's order had not been obeyed. The appellant's claim that he never abandoned his intention to have psychiatric therapy is of no use here. He can not substitute his own judgment of what was to be done for what was ordered by the court, and the appellant showed no reason in the hearing which would excuse his not performing the acts required by the probation.

Equally important, when the court granted probation, it was not aware that the appellant had been charged with aggravated assault arising out of another incident which took place before the crime which was then before the court. A search of the appellant's past record had been made, but for some reason this charge was not included in the report made to the court, though the court seems to have learned of this charge at the time the probation was revoked. The appellant has since been found guilty of this crime as well. Since the fact of this other charge is certainly relevant to the question whether the appellant should have been granted probation, and since there are indications in the record that the court below would not have granted probation had it known of this second charge, we hold the revocation of probation was not an abuse of discretion.

The order is affirmed.

Order affirmed.

BURKE, P. J. and FRIEND, J., concur.