Hillsborough,
No. 5434.

EVERETT BELANGER

*v.*

EMILE R. BUSSIERE, *County Attorney.*

Argued January 5, 1966.
Decided April 7, 1966.

*Clifford J. Ross* ( by brief and orally ), for the plaintiff.

*William Maynard,* Attorney General and *George S. Pappagianis,* Deputy Attorney General ( *Mr. Pappagianis* orally ), and *Emile R. Bussiere,* county attorney, pro se, for the defendant.

KENISON, C.J. The defendant contends that under the discretionary provisions of RSA 173:3 II ( 1 ) he, and he alone, has the authority to determine whether the plaintiff shall be examined as a sexual psychopath. The statute has been so construed in the ordinary case. *In re Moulton,* 96 N. H. 370; *In re Craft,* 99 N. H. 287. *Cf. In re Mason,* 101 N. H. 335; RSA 173:4-a. It is clear that the statute does not permit the alleged sexual psychopath to originate such a petition. Swanson, Sexual Psychopath Statutes: Summary and Analysis, 51 J. Crim. L., C. & P. S. 215, 216, 228-235 ( column 4 ) ( 1960 ). This would mean that if a person was without doubt a sexual psychopath, the "remedial, therapeutic and preventive" objective of the statute would be unavailable to the person most needing it in any case that a county attorney refuses to file a petition under RSA 173:3 II ( 1 ). *In re Moulton,* 96 N. H. 370, 373; 24 A.L.R. 2d 350. Considering that the determination of whether a person is a sexual psychopath is one that "is based primarily on medical evidence" ( *In re Miller,* 98 N. H. 107, 108 ), it is reasonable to expect that State prosecuting officials will be guided in part by their own State experts. See *In re Craft,* 99 N. H. 287, 288; RSA 173:4-a.

In the present case no one questions the good faith of the county attorney and his position finds support in general language of the statute. However in no previous case do we find such a strong recommendation that a person be examined under the provisions

of RSA ch. 173. While this recommendation is not required to be accepted by a court or a county attorney ( *In re Farnsworth,* 99 N. H. 396 ), in some cases the interests of justice may require a re-examination of the matter. Rubin, The Law of Criminal Correction 530 ( 1963 ). In the present case it appears that the purposes of RSA 173:1 "to protect society," the rights of the plaintiff, and the interest of the State will be served if the question of an inquiry and medical examination ( RSA 173:3, 4 ) is reconsidered. The case is remanded for that purpose.

*Remanded.*

All concurred.