Original,
No. 5598.

### RONALD SEVIGNY v. WARREN W. BURNS.

Argued February 7, 1967.
Decided March 29, 1967.

*Clifford J. Ross* ( by brief and orally ), for the plaintiff.

*George S. Pappagianis*, Attorney General and *Norman E. D'Amours*, Assistant Attorney General ( *Mr. D'Amours* orally ), for the defendant.

PER CURIAM. Petition for a writ of habeas corpus brought against the defendant in his capacity as Superintendent of the New Hampshire Hospital. The plaintiff, eighteen years of age, was on October 19, 1966, charged with the crimes of rape and robbery in the Goffstown district court. On October 25, 1966 the county attorney of Hillsborough county petitioned the Superior Court under the mandatory provisions of RSA 173:3 ( I ) ( 1 ) for an examination to determine if the plaintiff is a sexual psychopath. The plaintiff was committed to the New Hampshire Hospital on October 28, 1966, pending examination, where he now remains.

The criminal charges against the plaintiff were presented to the Hillsborough county grand jury which refused to return an indictment. Thereafter plaintiff's counsel visited him at the New Hampshire Hospital and instructed him to have nothing further

to say in response to any subsequent interrogations. On January 6, 1967 plaintiff's counsel moved in Superior Court that he be discharged from further confinement.

On January 11, 1967 the examining board appointed pursuant to RSA 173:4 reported to the Superior Court that since the plaintiff refused to answer any questions they were unable to determine whether or not he was a sexual psychopath. The Court ( *Dunfey*, J. ) on January 11, 1967 ordered that the examination take place and further ordered plaintiff's counsel to instruct the plaintiff " to cooperate with the New Hampshire State Hospital authorities so that such examination might be concluded forthwith and the required report filed with the Court. "

The plaintiff claims that the proceedings under RSA ch. 173 should terminate and he should be released from custody because the grand jury refused to indict him on the charges which gave rise to the petition for examination. He also contends that the order of the Trial Court that he cooperate in the examination violates his constitutional right against self-incrimination under Pt. I, *Art.* 15th of the New Hampshire Constitution and the Fifth Amendment to the Constitution of the United States.

At the outset it should be noted that it is established law in this jurisdiction that the proceedings under the act in question ( RSA ch. 173 ) are civil and not criminal in nature and that the declared purpose of the act is to protect society as well as to benefit the person involved within the framework of a special statute, which seeks to cure and prevent rather than punish. RSA 173:1; *In re Moulton*, 96 N. H. 370, 372; *In re Mundy*, 97 N.H. 239, 240.

Proceedings under RSA ch. 173 are separate and distinct from the criminal proceedings although both may result from the same charges. We hold that the proceedings under RSA ch. 173, once begun, continue without regard to what may occur in the criminal process and that the proceedings in this case were not terminated by the refusal of the grand jury to return indictment on the charges which gave rise to the petition.

We do not assume that the order of the Trial Court that plaintiff cooperate in the examination was intended to compel him to answer questions which might tend to incriminate him. See *In re Moulton, supra*. The fact that the proceedings in which the questions are asked are civil rather than criminal does not deprive plaintiff of his privilege as to questions which might

tend to incriminate him. *People* v. *English*, 31 Ill. 2d 301; *State* v. *Kirtley*, (Mo.) 327 S.W. 2d 166; *Ratsep* v. *Smith's Pie Company*, 221 A. 2d 598 (Del. Super. 1966). While the claim of the privilege may in many cases defeat the purpose of the statute (RSA ch. 173), this cannot be the basis for the denial of a constitutional right and the plaintiff may refuse to answer any questions which may tend to incriminate him. *In re Miller*, 98 N.H. 107.

If the Legislature is of the opinion that it is more important that answers be given in sexual psychopathic examinations than it is to prosecute the person for the crime to which the answers relate, then the answers may be obtained by granting immunity provided the immunity is as broad as the privilege which it replaces. See *Stevens* v. *Marks*, 383 U. S. 234, 246.

*Petition denied.*