522 P.2d 775

**STATE of Arizona, Appellee,**

v.

**Ronald E. RAHE, Appellant.**

**No. I CA–CR 622.**

Court of Appeals of Arizona,
Division 1,
Department A.
May 23, 1974.

tion was that he apply for admission to a narcotics rehabilitation program and cooperate with his attorney and probation officer in this regard. On March 6, 1973 the court approved a recommendation that the six-month jail term be amended to time served and that he be admitted into the N. A. R. A. program for which he had made application. He was placed in such a program at the North Mountain Hospital.

Shortly after entering said program defendant left it without permission. This was the basis for the preliminary order and subsequent revocation of probation.

On April 19, 1973 the trial court revoked defendant's probation and sentenced him to serve not less than three nor more than five years in the State Prison. It is the contention of the defendant that this revocation was improper and should be reversed as there was no showing of violation of probation within the meaning of A.R.S. § 13–1657. We do not agree.

■ Defendant was granted probation on the condition that he attend the program at North Mountain Hospital for drug rehabilitation. Without permission, he decided he did not want to continue, and left. In view of the circumstances of his addiction the condition was a reasonable one, and his leaving the program at the time was a clear violation of a condition of his probation within the meaning of the statute.

Our review of the conditions of probation reveals that provision No. 9 which reads,

"Defendant shall participate and cooperate fully in any program involving professional assistance and counsel, whether vocational, medical or psychological as directed by the probation officer",

taken in conjunction with provision No. 15 which reads, "Apply for narcotics rehabilitation program", requires attendance and participation in the N. A. R. A. drug rehabilitation program at the North Mountain Hospital as a condition of remaining on probation.

Gary K. Nelson, Phoenix, Atty. Gen., by R. Wayne Ford, Asst. Atty. Gen., for appellee.

Kenney & Rosen, by Sidney M. Rosen, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

In the case before us we are asked to consider whether the trial court improperly revoked defendant-appellant's probation.

Following his plea of guilty to the crime of Burglary, Second Degree, a felony, defendant was placed on probation on November 27, 1972 for a period of five years, with the first six months in the County Jail. One of the conditions of his proba-

In the instant case the court was informed that defendant had "escaped" from the rehabilitation facility and was no longer involved in the drug program. At the revocation hearing defendant admitted leaving the facility and not returning to the program and gave as his reason, "I felt it would be useless to me to continue in the program. I felt it would be a waste of time."

The information concerning defendant's departure from the program itself, which is corroborated by defendant's own admission in open court that he had not only abandoned the N. A. R. A. facility, but also the program as well, is sufficient reason to believe that a violation of probation had occurred. The condition of attendance which had been imposed upon him was a valid condition of probation. In addition, although defendant did not have previous felony convictions, he was on probation for a misdemeanor at the time of the alleged burglaries and was supporting a bad heroin habit. When up for sentencing he pleaded with the trial court to help him become a good citizen. Through his attorney he proposed that he wanted to rid himself of the drug habit and cooperate in a plan whereby after six months in jail he would then be placed on probation and put on a N. A. R. A. program. At the time the sentence was suspended the court said:

". . . that you be sentenced to the Maricopa County Jail for six months from this date, November 27th, '72. I want you to stay there a full six months more and get yourself thawed out from all the heroin as much as possible before entering into the program. After your release, then you make application to NARA or some other suitable program to be arranged by the probation officer in cooperation with your lawyer. A further term of probation will be that you conduct yourself in all respects as a law-abiding citizen, and you will not have in your possession any narcotics or associate with any narcotics users or anybody having anything to do with narcotics, is that clear?

"MR. RAHE: Yes."

■ It should be remembered that the court need not be convinced beyond a reasonable doubt about the truth of an alleged violation in order to revoke a probation. The standard for revocation is "reason to believe" a violation has occurred. See State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967). This standard is met if proof is introduced which indicates by a preponderance of the evidence that a violation has occurred. See State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973).

■ Defendant's contention that Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), should apply to the revocation of his probation cannot be sustained. The Gagnon decision was promulgated on May 14, 1973, which is subsequent to the revocation. Defendant contends that the due process standards set forth in Gagnon require remand of the instant case to afford a hearing consistent with those standards. In State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973), the Arizona Court of Appeals, Division One, held that Gagnon does not apply retroactively. Defendant's probation was revoked on April 19, 1973, approximately one month before the Gagnon decision. Likewise, in State v. Magallanes, 110 Ariz. 235, 517 P.2d 505 (1973), the Supreme Court said:

"We agree with the Court of Appeals that Gagnon, supra, should also be deemed not to be retroactive. [citation omitted]." 517 P.2d at 506

The judgment revoking probation is therefore affirmed.

OGG and STEVENS, JJ., concur.