[No. 43887.    En Banc.    May 27, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD L. OSBORN, *Petitioner*.

162

*Owens, Weaver, Davies & Dominick* and *Gayer Dominick,* for petitioner.

*Patrick D. Sutherland, Prosecuting Attorney, Richard A. Strophy, Chief Criminal Deputy,* and *George O. Darkenwald, Deputy,* for respondent.

HOROWITZ, J.—Petitioner Richard L. Osborn seeks review by way of certiorari of an order denying his motion (a) to compel the office of the Thurston County Prosecuting Attorney to file a petition alleging that defendant is a sexual psychopath, or (b) in the alternative, that the court make a determination that defendant is possibly a sexual psychopath and have him committed to Western State Hospital for the 90-day observation period. We deny the writ.

June 4, 1975, petitioner was charged with two counts of indecent liberties and one count of sodomy. He pleaded not guilty due to insanity. Upon petitioner's own motion and pursuant to RCW 10.77.060 (examination upon plea of not guilty due to insanity or court's doubt as to defendant's competency), he was admitted on June 10, 1975, to Western State Hospital for a 15-day observation period to determine his mental condition. June 16, 1975, the hospital reported to the court that petitioner was competent to stand trial, was not insane at the time of the alleged crime, and further stated in its report, the hospital

> would strongly recommend that [petitioner] be committed to Western State Hospital for 90 days observation in the Sexual Psychopath Treatment Program. In our opinion this would be in the best interest of both Mr. Osborn and society.

On July 2, 1975, petitioner changed his plea to guilty on

the charges of indecent liberties. The charge of sodomy was dismissed upon the prosecutor's motion. At this change of plea hearing, testimony was received supporting the recommendation of Western State Hospital.

On July 9, 1975, a deputy prosecutor informed the court the prosecutor did not intend to file a petition to initiate the sexual psychopath proceedings of RCW 71.06. Petitioner then made the motions in question concerning utilization of the sexual psychopath program. The court took the motions under advisement.

On September 19, 1975, the court, in conformity with its memorandum opinion, entered an order denying petitioner's motions. Petitioner then sought review by way of certiorari of the court's order. The trial court has not yet passed sentence.

The issue presented is better understood if we first review the court's powers and responsibilities in dealing with treatment needs of a sexual psychopath about to be sentenced.

A sexual psychopath is defined in RCW 71.06.010 as follows:

> "Sexual psychopath" means any person who is affected in a form of psychoneurosis or in a form of psychopathic personality, which form predisposes such person to the commission of sexual offenses in a degree constituting him a menace to the health or safety of others.

Various sentencing procedures are available to a trial court after defendant is convicted of a sexual crime, when no petition alleging sexual psychopathy has been filed by the prosecutor and the court has reason to believe the defendant may be a sexual psychopath.

■ Preliminarily, in order to make an informed sentencing decision, the court may wish to ascertain the defendant's mental condition by obtaining a presentence report containing this information, or by making its own investigation, or both.

CrR 7.2 authorizes the court to obtain information concerning the defendant's mental condition from the presen-

tencing report ordered from the Division of Institutions of the Department of Social and Health Services. A complete report may properly contain "the offender's medical history and, if desirable, a psychological or psychiatric report . . ." *ABA Standards, Probation* § 2.3(ii)(F) (1974); *see Leach v. United States*, 320 F.2d 670 (D.C. Cir. 1963); *Leach v. United States*, 334 F.2d 945 (D.C. Cir. 1964); Fitzgerald, *The Presentence Investigation*, in *Probation and Parole*, 28, 50 (B. Kay & C. Vedder 1963).

The court may also make a presentence investigation of its own. *State v. Dainard*, 85 Wn.2d 624, 626, 537 P.2d 760 (1975). The scope of such an investigation is in the sound discretion of the trial judge. *United States v. Tucker*, 404 U.S. 443, 446-47, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *State v. Dainard, supra* at 626; *see State ex rel. Burgunder v. Superior Court*, 180 Wash. 311, 314, 39 P.2d 983 (1935). There is no reason why the investigation may not deal with the defendant's mental condition if deemed appropriate. The court may utilize RCW 10.77.060 if the information already received is insufficient. That statute may be used by the court in the presentence investigation "[w]henever . . . there is reason to doubt his [defendant's] competency . . ." If, therefore, an observation period longer than 15 days is required to obtain information as to the most suitable sentence for the defendant, and defendant is agreeable to an extension,[1] and the expertise and facilities are available at a state hospital,[2] the court may request a period longer than the initial 15 days. The period may extend to 90 days from the date of submission for sentencing.[3]

---

[1]Commitment for observation as to defendant's potential for rehabilitation or amenability to treatment may conflict with his right to bail while awaiting sentence after the verdict. *See* CrR 3.2(h); *United States v. Fort*, 409 F.2d 441 (D.C. Cir. 1969).

[2]In the instant case, Western State Hospital in its report to the court pursuant to RCW 10.77.060 recommended a 90-day observation period in the hospital's sexual psychopath treatment program.

[3]CrR 7.1 requires that sentence "shall be imposed or an order deferring sentence shall be entered without unreasonable delay." A maximum of 90 days on this delay for investigatory purposes is im-

If the court then decides, from the presentence report or its own investigation or both, that the appropriate sentence must include treatment for sexual psychosis, the court has a choice of means to accomplish this.

1. *Probation with condition of receiving treatment.*

Upon granting probation, the court may suspend the imposition of the sentence (deferred sentence) or suspend the execution of the sentence. RCW 9.95.210; *see State v. Proctor*, 68 Wn.2d 817, 818 n.2, 415 P.2d 634 (1966). In addition, the court may "direct that such suspension may continue . . . upon such terms and conditions as it shall determine." RCW 9.95.210. This general language is followed in the statute by a specific provision relating to monetary payments the court may require the defendant to make. The intent of this specific provision is to restrict the preceding general language insofar as it encompasses the subject of monetary payments, rather than to define the scope of the general language. *See Karrell v. United States*, 181 F.2d 981, 986-87 (9th Cir. 1950); *cf. State v. Summers*, 60 Wn.2d 702, 706-07, 375 P.2d 143 (1962).

■ Thus the trial court could condition the probation upon defendant's application and admission to the sexual psychopath program at Western State Hospital. RCW 71.05.050 permits any person to apply voluntarily to any public agency for treatment of a mental disorder. The regulations require the mental disorder to be one "which presents likelihood of serious harm to others or self or which causes a person to be gravely disabled." WAC 275-55-030. This regulation appears to encompass sexual psychotherapy defined in RCW 71.06.010. RCW 71.05.050 contains provision

posed by Const. art. 4, § 20, and RCW 2.08.240. *State ex rel. Burgunder v. Superior Court*, 180 Wash. 311, 314, 39 P.2d 983 (1935). The 90 days begin to run "from the submission" of the case to the court. Const. art. 4, § 20; RCW 2.08.240. The case is submitted to the judge for decision "when a verdict of guilty has been returned, a motion for a new trial has been waived or denied, and the defendant is by the prosecutor presented for sentence . . ." *State ex rel. Burgunder v. Superior Court, supra* at 315. The court, however, does not lose jurisdiction by its failure to enter judgment or sentence within this period. *In re Cress*, 13 Wn.2d 7, 10, 123 P.2d 767 (1942).

for unilateral release of the applicant at his own request before the treatment program is completed. These provisions are inapplicable when the treatment program is part of the probation program. Accordingly, the probation conditions must include requirements that (1) the defendant not exercise his right under the statute to immediate release from this program (RCW 71.05.050) without the court's permission, (2) he make satisfactory progress in his treatment as determined by the hospital and directors of the treatment program, and (3) he display good behavior for the remainder of his probation.

Requiring the defendant to apply and be admitted for psychiatric treatment is a common condition on probation, and is generally considered reasonable when the question has come up for judicial review. *See United States v. Mercado,* 469 F.2d 1148 (2d Cir. 1972); *State v. Rahe,* 22 Ariz. App. 14, 522 P.2d 775 (1974); *People v. McDonald,* 52 Ill. App. 2d 298, 202 N.E.2d 100 (1964); *State v. Muggins,* 192 Neb. 415, 222 N.W.2d 289 (1974); *ABA Standards, Probation* § 3.2(c)(v) (1970) ("Conditions may appropriately deal with . . . undergoing available medical or psychiatric treatment"). Under the federal probation statute, 18 U.S.C. § 3651 (1970), similar to Washington's in giving the court broad authority to grant probation "upon such terms and conditions as the court deems best," and in specifying conditions which relate to monetary payments, a condition that the defendant obtain psychiatric care is common. Herlands, *When and How Should a Sentencing Judge Use Probation,* 35 F.R.D. 487, 499 (1964).

*2. Suspended sentence with condition of receiving treatment.*

Under RCW 9.92.060 the court may stay and suspend the sentence "upon such terms as the court may determine". These terms may include the conditions dealing with monetary payments specified in the statute. As in the case of the probation statute, these specific conditions do not limit the scope of the preceding grant of power to the court to specify the terms of the suspension.

■ However, it is unnecessary to analyze the precise reach of the court's power in this regard. As we next point out, the nature of Washington's suspended sentence law is such that more likely than not it is an inappropriate disposition for the sexual psychopath. The suspended sentence is not available if the defendant has been convicted of certain crimes, such as rape or carnal knowledge of a female child under the age of 10 years. RCW 9.92.060. Moreover, suspension of sentence without probation is usually used when the offense is petty and referral to a probation officer may be excessive or unnecessary (S. Rubin, *Law of Criminal Correction* 197 (2d ed. 1973)); when stability in the surroundings and personality makeup of the defendant and the deterrent effect of the experience from apprehension to conviction make a suspended sentence the best disposition for such a case (Rubin, *supra* at 198 n.81); or when there is an absence of sufficient probation officers and the offender does not pose a threat to the community. Laws, *Criminal Courts and Adult Probation*, 3 Nat'l Probation & Parole Ass'n J. 357-58 (1957), quoted in National Council on Crime and Delinquency, Comment, *Model Sentencing Act* § 9 (2d 1972).

Additional considerations suggest a suspended sentence for the sexual psychopath is likely to be inappropriate. Thus, an offender given a suspended sentence without probation is placed in the charge of "a parole or peace officer" (RCW 9.92.060), while under the probation act the offender must report to the supervisor of the division of probation and parole of the Department of Social and Health Services "or such officer as the supervisor may designate." RCW 9.95.210; *see State v. Davis*, 56 Wn.2d 729, 737, 355 P.2d 344 (1960). The apparent intent of this difference is to provide for a minimal supervision with a suspended sentence. ABA Section of Judicial Adm'n, National Conference of State Trial Judges, *The State Trial Judge's Book* 287 (2d ed. 1969). Hence, a defendant given a suspended sentence is generally not required to undertake a program of rehabilitation. "Generally the condition of suspended sentence is

simply nonviolation of law . . ." S. Rubin, *supra* at 186. Accordingly, a suspended sentence is probably not appropriate for the sexual psychopath who may require supervised treatment and is too dangerous to be left unsupervised in the community. *See* RCW 71.06.010 (definition of sexual psychopath).

3. *Sentencing with a recommendation for sexual psychopathy treatment.*

■ The offender may be sentenced with recommendation for transfer to an institution for the mentally ill and treatment. If probation or suspension of sentence are inappropriate, or proper treatment cannot be arranged by the court, the court has the option to execute the sentence for the crime(s) for which defendant has been convicted. Any need for treatment of the defendant's sexual psychosis may be brought to the attention of the Board of Prison Terms and Paroles with the court's report of the facts and information regarding the defendant. RCW 9.95.030-.032. This treatment may then be ordered by the Secretary of the Department of Social and Health Services, who is authorized to transfer any prisoner to another institution for treatment of mental illness. RCW 72.68.031; *see* RCW 72.68.032, .035.

■ We now reach petitioner's contentions. We agree with the trial court that it is without jurisdiction here either to direct the prosecuting attorney to file a petition to initiate proceedings under RCW 71.06 or to initiate such proceedings upon its own motion. RCW 71.06.020 places this discretionary decision in the hands of the prosecutor:

> Where any person is charged in the superior court in this state with a sex offense and it appears that such person is a sexual psychopath, the prosecuting attorney may file a petition in the criminal proceeding, alleging that the defendant is a sexual psychopath and stating sufficient facts to support such allegation.

The use of the word "may" means the prosecutor has discretionary power to file the petition "when it appears" the defendant is a sexual psychopath. The discretion, therefore,

is vested in the prosecutor and not the court. *See State v. Withers*, 347 S.W.2d 146, 151 (Mo. 1961); *State v. Allen*, 255 S.W.2d 144 (Mo. App. 1953); *People v. Newbern*, 18 Ill. App. 3d 532, 310 N.E.2d 42 (1974); *cf. State ex rel. Longview Fire Fighters Local 828 v. Longview*, 65 Wn.2d 568, 570-71, 399 P.2d 1 (1965).

RCW 71.06.020 contemplates an honest exercise of discretion—not one exercised on arbitrary and capricious grounds. If the decision not to file a sexual psychopath petition is an arbitrary or capricious one, it is reasonable to assume the violation of the statute should not be without remedy. As has been stated by this court in a case involving the exercise of administrative discretion "a court would be justified in holding that no discretion was exercised, [and] the writ of mandate is available to compel appropriate action." *Benedict v. Board of Police Pension Fund Comm'rs*, 35 Wn.2d 465, 475, 214 P.2d 171, 27 A.L.R.2d 992 (1950); *see State v. Allen, supra*. For other remedies see RCW 7.20.010(3); *State v. Heaton*, 21 Wash. 59, 62-63, 56 P. 843 (1899). *See generally* F. Miller, *Prosecution—The Decision to Charge a Suspect with a Crime* 318-21 (1969).

In the instant case we cannot find the prosecutor acted arbitrarily or capriciously in refusing to invoke the sexual psychopath procedure notwithstanding the letter from Western State Hospital dated June 16, 1975, recommending defendant be committed to the hospital's sexual psychopath program for a 90-day observation period. The prosecutor points out that petitioner has already had several opportunities at rehabilitation at Western State Hospital, all of which have been unsuccessful. This fact is borne out by the presentencing report ordered by the trial court on July 2, 1975. That report states that since 1953 petitioner has been arrested for sodomy three times (including the instant case), and indecent liberties once (the instant case), and has been found to violate parole for sexual deviancy in 1961. He has been to Western State Hospital for observation, evaluation, and treatment of sexual psychopathy five times, completing the program once in March 1960. The

prosecutor also notes that petitioner is not precluded from eventual treatment because RCW 72.68.031 allows the Secretary of the Department of Social and Health Services to transfer a mentally ill prisoner to a state hospital for a term not to exceed his maximum sentence. The prosecutor therefore characterizes his decision as a deferral to the judgment of the Board of Prison Terms and Paroles, after they have been able to undertake a diagnostic examination of petitioner.

We cannot say the prosecuting attorney's decision not to file a sexual psychopath petition was an arbitrary and capricious act since treatment was still available to defendant after sentencing. The court has not yet imposed a sentence on defendant. The court has power to select a sentencing alternative that permits the imposition of suitable conditions in order to make possible the successful outcome of such treatment. Alternatively, the court may sentence defendant to a term of imprisonment accompanied by a recommendation for sexual psychopathy treatment.

Affirmed.

STAFFORD, C.J., and HUNTER, WRIGHT, and UTTER, JJ., concur.

HAMILTON, J. (dissenting)—At the outset, I voice no quarrel with the prosecuting attorney's exercise of his discretion under RCW 71.06.020[4] in failing or refusing to file a sexual psychopathic petition under the facts of this case. Neither do I quarrel with the majority's outline of the sentencing judge's authority in the area of probation and suspensible sentences. My sole departure from the view of the majority lies in its adoption of the sentencing court's position that it had no jurisdiction at the post-conviction

---

[4]"Where any person is charged in the superior court in this state with a sex offense and it appears that such person is a sexual psychopath, the prosecuting attorney may file a petition in the criminal proceeding, alleging that the defendant is a sexual psychopath and stating sufficient facts to support such allegation. Such petition must be filed and served on the defendant or his attorney at least ten days prior to hearing on the criminal charge." RCW 71.06.020.

and sentencing stage to consider on the merits petitioner's motion for a 90-day observation commitment to Western State Hospital, pursuant to the sexual psychopathic statute (RCW 71.06).

The majority vests the sole power to initiate sexual psychopathic proceedings in the hands of the prosecuting attorney. Yet the majority states that the sentencing judge may possibly suspend the sentence of a criminal offender, conditioning the suspension upon a defendant's application and admission to the sexual psychopathic program. The majority also recognizes the power of the sentencing judge to condition probation upon a defendant's application and admission to the sexual psychopathic program. I fail to see how the majority can interpret RCW 72.06.020 to allow the sentencing judge to condition probation or suspension of a sentence upon the defendant's admission to the sexual psychopathic program and not allow the sentencing judge to sentence a defendant and initiate sexual psychopathic proceedings.

Sexual psychopathic proceedings are civil in nature, and they do not inquire into the guilt or innocence of an individual. *See Thurmond v. Superior Court*, 49 Cal. 2d 17, 20, 314 P.2d 6 (1957); *People v. Bruckman*, 33 Ill. 2d 150, 151, 210 N.E.2d 537 (1965); *People v. Capoldi*, 10 Ill. 2d 261, 266, 139 N.E.2d 776 (1957); *LaMorre v. Superintendent of Bridgewater State Hosp.*, 347 Mass. 534, 538, 199 N.E.2d 204 (1964); *People v. Piasecki*, 333 Mich. 122, 142, 52 N.W.2d 626 (1952); *State v. McDaniels*, 307 S.W.2d 42, 44 (Mo. App. 1957). The proceedings seek to ascertain the mental condition of the individual, and any decision to classify a person a sexual psychopath is based primarily on medical evidence. *People v. Capoldi, supra; Belanger v. Bussiere*, 107 N.H. 157, 158, 218 A.2d 435 (1966); *In re Craft*, 99 N.H. 287, 288, 109 A.2d 853 (1954); *In re Miller*, 98 N.H. 107, 108, 95 A.2d 116 (1953). The goal of the sexual psychopathic program is to provide treatment for mentally ill sex offenders. *State v. McDaniels, supra; Sevigny v. Burns*, 108 N.H. 95, 96, 227 A.2d 775 (1967); *State v. Newell*, 126 Vt. 525,

526, 236 A.2d 656 (1967); *Huebner v. State,* 33 Wis. 2d 505, 521, 147 N.W.2d 646 (1967). In order to carry out the goal of the program, the sentencing judge should possess the discretionary power to initiate a sexual psychopathic proceeding. *People v. Griffes,* 13 Mich. App. 299, 164 N.W.2d 426 (1968), recognizes this power of the sentencing judge. In *Griffes,* the state charged defendant with indecent exposure, and during the trial a prosecution psychiatrist gave testimony which indicated the defendant may fall within the sexual psychopath category. The prosecution, however, did not file a sexual psychopathic petition. The court stated at page 306:

"When it is found in the course of a criminal proceeding, at any time before sentence, that the accused is afflicted with such disorder, the legislative requirement is that he *may not be treated as a criminal.* Presumptively such finding is deemed to establish conclusively that the act for which the prosecution has been instituted was committed, if at all, by one of unsound mind who should be dealt with accordingly." . . .

Even aside from the mandatory language just underscored, the question of whether sick people are to be treated for their illness or punished for it, is a question which touches the very heart of judicial consciousness of a civilized system of jurisprudence. *If, perchance, the parties or counsel fail to raise the matter our courts cannot close their eyes to so important a matter. Under facts such as indicated in the present case, the trial judge should have initiated criminal sexual psychopath proceedings on his own motion once the defendant was convicted of the offense charged.*

(Some italics mine.)

Thus, a sentencing judge does possess the discretionary power to initiate proceedings on his own motion in order to insure treatment for needy individuals. *People v. Griffes, supra; cf. Belanger v. Bussiere, supra* at 158-59. The overall legislative scheme of mental illness treatment and RCW 71.06, particularly RCW 71.06.020, do not convincingly evidence an intent to limit the power of a sentencing judge to consider and utilize properly all available resources in de-

termining the appropriate treatment or punishment to be meted out to a criminal offender.

The majority opinion outlines a specific procedure which it claims insures sexual psychopathic treatment for petitioner:

The offender may be sentenced with recommendation for transfer to an institution for the mentally ill and treatment. . . . Any need for treatment of the defendant's sexual psychosis may be brought to the attention of the Board of Prison Terms and Paroles with the court's report of the facts and information regarding the defendant. RCW 9.95.030-.032. This treatment may then be ordered by the Secretary of the Department of Social and Health Services, who is authorized to transfer any prisoner to another institution for treatment of mental illness. RCW 72.68.031; *see* RCW 72.68.032, .035.

In practice, this procedure does not even exist. In its 1974 Annual Report, the staff of the Sexual Offender Treatment Center concludes that:

(4) The use of the sexual psychopath statute is the only way the court can presently assure itself that an offender will receive treatment. The Department of Social and Health Services is not *required* by law to transfer treatable sexual offenders from prison to the hospital. In fact, the Department has not approved any transfers during the past year, and the Center agrees with this decision. Transferring men from prison who still remain under the jurisdiction of the adult correctional system and the Board of Prison Terms and Paroles causes too many additional problems of security, conflicting authority, and changes in treatment procedures for the hospital program.

*State Dep't of Social & Health Servs., Guided Self-Help—A New Approach to Treatment of Sexual Offenders* 2 (1974).

Finally, RCW 71.05.050[5] permits any person to apply voluntarily to the appropriate public agency for treatment of a mental disorder. The majority concedes that RCW 71.05.050

---

[5]"Nothing in this chapter shall be construed to limit the right of any person to apply voluntarily to any public or private agency or practitioner for treatment of a mental disorder, either by direct application or by referral." RCW 71.05.050.

encompasses the sexual psychopathic program. In the present case, petitioner clearly made application for admission into the sexual psychopathic program. He understands the serious ramifications of being classified a "sexual psychopath" pursuant to RCW 71.06, yet he is willing and eager to enter the program. He is concerned about his past history of sexual deviation and his future life. In a letter dated June 16, 1975, to the trial judge, the Western State Hospital staff specifically recommended sexual psychopathic treatment for the petitioner. The letter stated:

> The result of our overall examination and clinical observation reveals that Mr. Osborn is currently suffering from reactive depression, accompanied by anxiety, superimposed on a basically schizoid type of personality with sexual deviation, in particular pedophilia. Mr. Osborn has a long history of sexual offenses and would seem to fit the category of a sexual psychopath.
>
> In the course of our examination Mr. Osborn was at all times friendly, pleasant and cooperative. He was logical, coherent and appropriate. His thought process was organized. His ego boundaries were well preserved. He did not show any hallucinations or delusions and his memory was good for both recent and remote events. There was no indication of any psychotic symptomatology within his personality at this time. . . .
>
> . . .
>
> Due to the fact Mr. Osborn fits the category of sexual psychopathy and seems to be eager to obtain help in that area, is concerned about his future and about his sexual deviation, we would strongly recommend that he be committed to Western State Hospital for 90 days observation in the Sexual Psychopath Treatment Program. In our opinion this would be in the best interest of both Mr. Osborn and society.

I would therefore remand the case to give the sentencing judge an opportunity to exercise his discretion to pass upon the merits of petitioner's motion.

ROSELLINI and BRACHTENBACH, JJ., concur with HAMILTON, J.