[No. 2333–3. Division Three. May 3, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNY J. HUNTZINGER, *Appellant*.

*D. Wayne Campbell* and *Campbell, Johnston & Roach,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Irene Cleavenger, Deputy,* for respondent.

MUNSON, C.J.—The defendant appeals from a judgment and sentence to a penal institution, contending that he should have been committed to Western State Hospital pursuant to RCW 71.06.060. We remand this case for further proceedings.

Defendant initially was charged with six counts encompassing unlawful imprisonment, second–degree assault, first–degree kidnapping, first–degree statutory rape, first–degree rape and abduction.

After a plea bargain, the defendant pleaded guilty to second–degree assault with intent to commit rape, first–degree statutory rape, and first–degree rape. The victims were young girls, ages 10 through 12, the defendant had forced into his truck. He had accomplished sexual intercourse with two of the girls, but the third escaped. At the time of entering the plea, the prosecuting attorney orally moved the court to commit the defendant to Western State Hospital for a maximum 90–day observation to determine whether defendant was a sexual psychopath, and subsequent return to the court.[1] The court granted the motion, which was concurred in by the defendant, and committed defendant to Western State Hospital, without having passed sentence.[2]

After 90 days, the superintendent filed a report stating the defendant was a sexual psychopath, was not safe to be at large, and recommending commitment for treatment to the Western State Hospital specialized treatment program. The defendant, who had been returned to court, concurred in the recommendation. The prosecutor had prepared a proposed order deferring sentence and committing the defendant to that program. The court rejected the proposed

---

[1] RCW 71.06.020 requires a written petition, which was not filed in this case. *State v. Osborn*, 87 Wn.2d 161, 550 P.2d 513 (1976).

[2] RCW 71.06.030 requires disposition of the criminal charge before commitment to Western State Hospital. *State ex rel. Schillberg v. Morris*, 85 Wn.2d 382, 536 P.2d 1 (1975). *Cf. State v. Monta*, 14 Wn. App. 404, 541 P.2d 1017 (1975); *State v. Bergen*, 13 Wn. App. 974, 978–80, 538 P.2d 533 (1975).

order, sentenced the defendant to two life terms, and a maximum of 10 years on the assault charge, without formally determining whether the defendant was or was not a sexual psychopath.[3] During the sentencing hearing the court orally acknowledged that it would find the defendant to be a sexual psychopath, but no written adjudication of that fact was entered. The defendant was committed to the Department of Social and Health Services for commitment to a penal institution. The defendant immediately moved for withdrawal of his guilty plea; the court rejected that motion both at the time of sentencing and at a hearing on defendant's subsequent motion for new trial.

The defendant contends that (a) once the court has committed the defendant to the state hospital for observation of the existence of sexual psychopathy, and (b) upon return of the superintendent's written report indicating that he is a sexual psychopath and the justification for that opinion, then (c) the court must find that he is a sexual psychopath and commit him to the state hospital for detention, care and treatment.

 After a defendant has been charged with a crime, the prosecuting attorney may, in his discretion, file a petition alleging that the defendant is a sexual psychopath. RCW 71.06.020; *State v. Osborn,* 87 Wn.2d 161, 550 P.2d 513 (1976). The court must then dispose of the criminal charge; this includes both rendering judgment and, if the defendant is guilty of the crime, pronouncing sentence. RCW 71.06.030; *State v. Osborn, supra; accord, State ex rel. Schillberg v. Morris,* 85 Wn.2d 382, 536 P.2d 1 (1975). At the time of sentencing on the criminal charge, the court has discretion to defer or suspend execution of the sentence. *State v. Osborn, supra; see also State v. Bergen,* 13 Wn. App. 974, 979, 538 P.2d 533 (1975). The judgment and the sentence must be pronounced, however, before the sexual psychopathy petition is considered. Thereafter, with

---

[3]RCW 71.06.060 requires a court determination of whether defendant is or is not a sexual psychopath.

certain exceptions,[4] the statutory procedures are manda-
tory.[5] RCW 71.06.060, the statute in issue, states:

> After the superintendent's report has been filed, the
> court shall determine whether or not the defendant is a
> sexual psychopath. If said defendant is found to be a
> sexual psychopath, the court *shall* commit him to the
> director of the department of institutions for designation
> of the facility for detention, care, and treatment of the
> sexual psychopath. If the defendant is found not to be a
> sexual psychopath, the court shall order the sentence to
> be executed, or may discharge the defendant as the case
> may merit.

(Italics ours.) In order to comply with this statute, after the
superintendent has filed his report, the court must deter-
mine whether the defendant is a sexual psychopath; the
court is required to make that determination.

Here, all the evidence supports that a determination
should have been made that the defendant is a sexual psy-
chopath. This evidence includes the facts upon which the
present charges were based, the superintendent's report,
and the presentence report. Subsequent to sentencing, a
second letter from the therapy supervisor at Western State
Hospital stated that the defendant was a sexual psychopath

---

[4] At the preliminary hearing, the court has the discretion whether to require
the testimony of two physicians who have examined the defendant as to his pos-
sible sexual psychopathy. RCW 71.06.040. The defendant has the option to
demand that a jury make the ultimate determination of whether he is a sexual
psychopath, but such demand must be made within 10 days after the prosecutor
files the petition. RCW 71.06.070. The determination of reasonable grounds to
commit the defendant for observation requires a discretionary judgment by the
court as to the sufficiency of the alleged grounds. RCW 71.06.040. If the defendant
is ultimately committed for treatment, after that treatment the court has consid-
erable discretion as to which of several alternatives may be selected for the
defendant. *See* RCW 71.06.091.

[5] If the court determines there are reasonable grounds that the defendant is a
sexual psychopath, the court must send the defendant to a state hospital for
observation. RCW 71.06.040. After that observation, the defendant must be
returned to the court and the superintendent of the state hospital must submit a
report to the court as to his findings and "the facts upon which his opinion is
based." RCW 71.06.050.

and strongly recommended that the defendant be committed to the hospital, rather than incarcerated in a prison. There was no evidence to the contrary.

Here, notwithstanding the court's oral statement that it would find the defendant a sexual psychopath, the court failed to make any written finding of this fact. The court has no discretion in these matters; the court must make a determination as to defendant's sexual psychopathy, and if the court determines the defendant is a sexual psychopath, the court is required to make a formal finding of that determination and commit him to the Department of Institutions for "designation of the facility for detention, care, and treatment". RCW 71.06.060. Here, while the defendant is required to be confined for a minimum of 3 years, a portion of that confinement may be at an inpatient treatment facility in Western State Hospital. *See* RCW 9.79.170(2).[6] Therefore, this cause is remanded to the trial court for entry of a written determination as to whether the defendant is a sexual psychopath and such other action as may be necessitated by this decision.

GREEN and ROE, JJ., concur.

Reconsideration denied May 26, 1978.

Review granted by Supreme Court November 3, 1978.

---

[6] "(2) . . . No person convicted of rape in the first degree shall be granted a deferred or suspended sentence except for the purpose of commitment to an inpatient treatment facility; *Provided,* That every person convicted of rape in the first degree shall be confined for a minimum of three years: . . ."